# Smith & Co. *v.* Western Railway of Alabama.

*Action against Common Carrier, for Damages to Goods.*

1. *Act of God as excusing common carrier.*—A common carrier is not liable for injuries to goods while in his possession, when caused by the act of God, which could not be anticipated and prevented by the exercise of reasonable dil'gence; as where the injury is caused by an unprecedented flood in the river, rising three feet higher than ever known before, and so suddenly during the night that the railroad track crossing it was submerged by morning, and the water entered the freight car in which the goods were before they could be reached and rescued.

2. *Error without injury in rulings on evidence, or charges.*—When, on the uncontroverted evidence in the case, the court might have given the general charge in favor of the defendant, this court will not con-

[Smith & Co. v. Western Railway of Alabama.]

sider, at the instance of the plaintiff, the correctness of any rulings on evidence, or in charges given or refused, since, if erroneous, they could have wrought no injury.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by F. A. & L. E. Smith, suing as a partnership, against the defendant corporation, to recover damages for injuries to goods while in defendant's possession as a common carrier; and was commenced on the 18th September, 1886. Numerous exceptions were reserved on the trial, both to rulings on evidence, and special charges given at the instance of the defendant; and these rulings are here assigned as error.

A. & R. B. BARNES, for appellants, cited Amer. & Eng. Encyc. Law, vol. 1, pp. 175–6, § 5, and note.

HARRISON & LIGON, contra, cited Railroad Co. v. Bridges, 86 Ala. 448; Railroad Co. v. Reeves, 10 Wall. 176; Ellet v. Railroad Co., 12 Amer. & E. R. R. Cases, 183; 2 Ib. 166, 237.

COLEMAN, J.—The action is to recover damages for an injury to goods, alleged to have been caused by the fault or negligence of the defendant as a common carrier. The principal defense relied on is, that the damage resulted from an act of God, without the fault or negligence of defendant. All the authorities hold, that a common carrier is not liable for injuries or damages caused by an act of God, if there is no fault or negligence on its part.—Amer. & Eng. Encyc. of Law, vol 2, p. 746; 12 Amer. & Eng. R. R. Cases, 183, and notes; 2 Amer. & Eng. R. R. Cases, 166; Railroad Co. v. Reeves, 10 Wall. (U. S.) 176.

As stated in the case of the Columbus & Western Railway Co. v. Bridges, 86 Ala. 452, railroads "are not bound to provide against unusual or extraordinary floods, such as have never been known to occur previously, and which could not have reasonably been foreseen by competent and skilled persons." See, also, opinion of STONE, J. in case of Coosa River Steamboat v. Barclay, 30 Ala. 126.

An act of God is a cause which no human prudence or power could prevent or avert. While it is true that no human agency can prevent or stay an act of God; the act itself being that of omnipotence and irresistible, it is frequently the case that the results or natural consequences of an act of God, by the exercise of reasonable foresight and prudence, may be foreseen, and guarded against. When this can be done by the exercise of reasonable diligence and prudence, a failure to do

[Smith & Co. v. Western Railway of Alabama.]

so would be negligence, and subject the party upon whom this duty devolved to damages, although the original cause was an act of God. Notice of an extraordinary rise at the head of a river, might be sufficient to parties engaged in business lower down to expect a proportionate rise, and to prepare for it, dependent more or less upon the suddenness of the rise, and the time after notice, and before the rising water reached the place where the injury occurred.

The car in which were appellants' goods, destined for Opelika, was stopped at West Point on account of a wash-out in the railroad, five miles west of West Point, on the route to Opelika; and while in the car, the goods were damaged by an overflow of the river. The undisputed evidence is, that "it was the greatest overflow ever known in West Point; that the water rose thirty-seven inches higher than it ever rose before within the memory of man;" "that the water was never known before to rise high enough to get into the freight cars standing on the side-track;" "that in this case the water covered the floors of the freight cars to a depth of eighteen inches," and caused the damage complained of by plaintiffs.

No human power could have stayed the flood, or foresight or prudence anticipated such an overflow. It is contended that, if the train had remained in Lagrange, Ga., or the car had been run out on the main track, the goods would have escaped injury. It is no proof of negligence, that because after an injury has resulted, it can then be seen how the injury might have been avoided. The question is, what notice or knowledge had the defendant, from which such an overflow could reasonably have been anticipated or foreseen?—*Beatty v. Central Iowa Railway Co.*, 8 Amer. & Eng. Railroad Cases, 214. In this case, the proof shows none.

Was there any fault or negligence on the part of defendant, for not removing the goods to a safe place, after it became reasonably known that the high water would reach the goods where stored in the cars? On Monday night the goods were left in the cars, to all human knowledge in a place of safety. On Tuesday morning, the water had overflowed the entire railroad track. It seems that the engineer and crew used all reasonable diligence, consistent with personal safety, after daylight, and information of the overflow, to procure a bateau in order to reach the car where the goods were stored. The engineer testifies that he tried to get up steam, but the water had entered the fire-box of the engine; that then all was done that could be done to save the goods, but without avail—the water continuing to rise in the cars to a depth of eighteen inches above the floors. There was no evidence introduced or offered to controvert this statement of the facts of the case.

[Ullman & Co. v. Herzberg.]

Whether the court below erred in the admission or exclusion of testimony offered, or in the charges given or refused, the undisputed facts show that the defendant was entitled to the general charge in its favor.—*Moody v. Walker*, 89 Ala. 619; *Ib.* 561.

Affirmed.