[McDonald v. Montgomery Street Railway.]

# McDonald v. Montgomery Street Railway.

*Action against Street Railway Company to recover Damages for Injury to Passenger.*

1. *Evidence; error in admission of evidence cured by admission of other evidence.*—In an action against an electric street railway company by a passenger to recover damages for personal injuries, if there was error in allowing a witness to testify that it was a public rule to ring the bell of the car at a crossing, in order to stop the car, on the ground that it was not shown to have been the rule at the time plaintiff was hurt, such error is cured by the witness, in answer to another question immediately propounded, testifying that such was the rule at the time plaintiff fell off the car, and had always been.

2. *Action against street railway company; evidence as to a habit of the plaintiff getting off at a particular place admissible.*—In an action against an electric street railway company by a passenger to recover damages for personal injuries, alleged to have been caused by reason of the negligence of the motorman, where it was shown that the plaintiff's place of business was in the middle of the block below the crossing where he attempted to get off and sustained the injury, and the evidence further tended to show that it was plaintiff's habit to ride further down the street in front of his place of business before alighting from the car, and that he had formerly requested the motorman to allow him to get off there, but the plaintiff testified that the motorman saw him arise from his seat and go to the door to get off at the crossing, it was not error for the motorman, who was examined as a witness, to be asked: "Did the plaintiff ever request you to bring him down the line, and let him get off in front of his place of business?" since the question and answer thereto were admissible to explain the action of the motorman in not stopping for the plaintiff to get off at the crossing, even if he had seen him rise from his seat and go to the rear platform.

3. *Same; necessity for passenger to give signal to stop; charge of court to jury.*—Where, in an action against an electric street railway company by a passenger to recover damages for personal injuries, alleged to have been caused by reason of the negligence of the motorman, it was shown that the plaintiff's place of business was on the car line about the middle of the block below the crossing where he attempted to get off and the accident occurred, and there was further evidence tending to show that it was plaintiff's habit to ride to the middle of the block before getting off, and he had several times requested the

[McDonald v. Montgomery Street Railway.]

motorman to allow him to do this, a charge which instructs the jury that if the car on which the plaintiff was riding came to a stop at said crossing for the purpose of allowing passengers to alight, and the plaintiff arose and walked to the rear of the car for the purpose of getting off, and the motorman saw these movements of the plaintiff, it was not necessary for the latter to ring the bell, even though such was a rule with passengers, in order to stop the car, is erroneous and properly refused, since, unless informed by signals or otherwise, the motorman could not know that plaintiff desired to leave the car at that place, but might well have supposed that such movements by the plaintiff were preparatory to his getting off opposite his place of business lower down the block.

4. *Pleading; effect of pleading general issue and contributory negligence* —Where in an action to recover damages for personal injuries, alleged to have been caused by defendant's negligence, the double defenses of not guilty and contributory negligence on the part of the plaintiff are interposed by several pleas, upon which issue is joined, the defense of contributory negligence is not in whole, or to any extent, an admission that defendant has been guilty of any negligence; but the case may be tried upon either or both lines of the several defenses so set up, and if either is made out, the defendant is entitled to a judgment.

5. *Action to recover for negligence; plea of not guilty; burden of proof.*—In an action to recover damages for personal injuries alleged to have been caused by defendant's negligence, under the plea of the general issue, the burden is on the plaintiff to show not only negligence on the part of the defendant and injury to himself, but he must adduce evidence to show that his injury resulted from the negligence, or evidence from which the jury can legally infer a causal connection between the negligence and the injury; but it is not incumbent upon plaintiff, under such plea to go further and prove that that there was no negligence on his part which contributed to the injury, there being no burden primarily on the plaintiff to negative fault on his part.

6. *Same; plea of contributory negligence; burden of proof.*—In an action to recover damages for personal injuries alleged to have been inflicted by reason of defendant's negligence, contributory negligence on the part of the plaintiff is defensive matter in the nature of confession and avoidance, and must be specially pleaded, and when a plea setting up contributory negligence on the part of the plaintiff is interposed, there are no presumptions against the plaintiff that he was guilty of contributory negligence and there is no burden cast upon him to prove affirmatively that he exercised due care and diligence, but the burden is upon the defendant to make good the special defense so interposed, unless the evidence offered by plaintiff in support of his case establishes contributory negligence on his part.

7. *General charge of court to jury; when general exception thereto un-*

*availing.*—When the general charge of a court to the jury, given *ex mero motu*, is not wholly bad, but in some of its parts asserts correct principles, a general exception thereto, without specifying the objectionable parts, is unavailing to put the court in error.

8.   *Action to recover for negligence; what necessary to authorize recovery when issue joined on the plea of the general issue and contributory negligence; charge to the jury.*—When, in an action to recover damages for personal injuries, alleged to have been caused by reason of the defendant's negligence, the cause was tried upon issue joined upon the pleas of not guilty and contributory negligence on the part of the plaintiff, ·and there was no evidence introduced tending to show that the injury was due to any concurrent causes, other than the ones put in operation by the plaintiff or the defendant, a charge which instructs the jury that "the plaintiff cannot recover damages in this case unless the jury believe from the evidence that his (plaintiff's) injury was occasioned solely by the negligence or improper conduct of the·defendant," asserts a correct proposition of law and is properly given.

9.   *Same; same; same.*—Where, in an action against an electric street railway company by a passenger to recover damages for personal injuries alleged to have been caused by reason of the negligence of the defendant, the plaintiff testified that the car had stopped and he was standing on the last step of the car, without having hold of the hand-rail or anything, and just as he was in the act of alighting therefrom the car was started off violently and without any notice or warning to him, throwing him to the ground and causing the injuries complained of, but the motorman testified that he did not know the plaintiff was in that position, and that the car did not stop, and another witness also testified that the car was in motion when the plaintiff attempted to get off, a charge asserts a correct proposition and is properly given which instructs the jury that "If the jury believe from the evidence that the plaintiff was standing on the rear step of the car while it was in motion, when there was room for him to stand or sit on the inside of the car, and was thrown from the step to the ground by the mere negligence of the motorman, and that he would not have been thrown to the ground by such negligence, if he had been sitting or standing on the inside of the car, then they must find their verdict for the defendant."

10.   *Same.*—In such an action, issue having been joined upon the plea of not guilty and of contributory negligence on the part of the plaintiff, a charge is free from error and is properly given, which instructs the jury that "the plaintiff can not recover damages in this case if the jury believe from the evidence that he so far contributed to his misfortune by his own negligence, or want of care and caution↓ that, but for such negligence or want of care and caution on his part, the misfortune would not have happened."

11.   *Same; contributory negligence.*—When a person steps from a moving car without any necessity therefor and is injured, which in-

jury would have been avoided if he had remained on the car, he is
guilty of such contributory negligence as will preclude his recovery;
and in an action against an electric street railway company to re-
cover damages by a passenger for personal injury alleged to have
been caused by the negligence of the defendant, where issue is
joined on the plea of contributory negligence, and there was evi-
dence tending to show that the plaintiff attempted to alight from
the car while it was in motion, a charge which instructs the jury
that if the plaintiff voluntarily stepped off the car while it was in
motion, he thereby assumed all risk to alight safely, and if he was
injured by so doing, he was guilty of negligence which would de-
feat his recovery, is properly given.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN G. WINTER, Special Judge.

This was an action brought by the appellant, Frank
McDonald, against the appellee, the Montgomery Street
Railway, to recover damages for personal injuries, al-
leged to have been inflicted by reason of the negligence
of the defendant.

The complaint contained two counts. The first count,
after alleging that the defendant was a corporation oper-
ating a street railway by electricity in the city of Mont-
gomery, and that on November 12, 1894, the plaintiff
boarded one of defendant's cars for the purpose of being
carried to his place of business on Commerce street in the
city of Montgomery, and that when said car reached Com-
merce street, near its intersection with Court Square, it
came to a stop for the purpose of permitting persons to
alight therefrom, further averred that while said car
was at a full stop, and while exercising all due and prop-
er care on his part, the plaintiff was leaving it, but be-
fore he had succeeded and while upon the last step lead-
ing to the ground, the person in charge thereof, unmind-
ful of his duty, carelessly and negligently, and without
due warning to plaintiff, and before he could get off said
car, caused it to start off suddenly and rapidly, whereby
the plaintiff, who was exercising due care, was thrown
violently to the ground, his left leg badly bruised and
sprained, his cheek bone under his left eye and his jaw
bone so badly injured that the same will be permanent,
one of his teeth was knocked out, and he was otherwise
badly bruised. By reason of said injuries plaintiff suf-
fered great bodily and mental pain, and was, thereby,
rendered unable to perform his usual and ordinary la-

bors for a long time, and was compelled to employ physicians and a dentist to treat him, at a cost of one hundred dollars.

The second count is similar in all respects to the first count except that it enters more into the particulars of the occurrence; and avers "that while said car was at a full stop, and exercising due and proper care on his part, the plaintiff was leaving said car, but before he had fully succeeded, and while upon the last step leading to the ground from said car, the defendant's motorman, who was in charge of and operating said car, unmindful of his duty to plaintiff to keep said car stopped until plaintiff could retire therefrom, and knowing the plaintiff was leaving said car, carelessly and negligently and without any warning to plaintiff, caused said car to start off suddenly and rapidly with a jerk, whereby plaintiff, who was using due care, was thrown violently upon the stone pavement with which said Commerce street is paved," with the results as set out in first count.

The defendant pleaded the general issue and contributory negligence, on each of which pleas issue was joined.

The plaintiff as a witness in his own behalf testified, that on the morning of the accident he boarded one of defendant's cars on Court street, for the purpose of going to the Exchange Hotel corner; that when opposite his destination, the car stopped and he arose for the purpose of getting off and opened the back door, and that when he did so the motorman in charge of said car looked around and saw that the plaintiff had gotten up and intended to get off; that as he reached the last step of the car, there was another car on a parellel track, opposite on the side from which he intended to alight; that just after the car on the parallel track had passed, and, as he was in the act of getting off, the car on which he was standing started with a violent jerk, without any notice or warning of any kind to him, and threw him violently on the street, which was paved with Belgian block, from the effects of which fall he sustained the severe injuries complained of. On cross-examination, the plaintiff testified that he worked at the store of D. M. Snow & Co., which was in the middle of the block with the Exchange Hotel, and that it was his habit to get off the car where he attempted to alight at the time of the accident; that on two occasions, however, he asked the motorman to

stop in front of Snow's place of business for him to get off; that on the morning of the accident he had not rung the bell or otherwise notified the motorman that he wanted to get off; that the rear platform was three or four feet from the crossing; that he stepped on the lower step of the car without having hold of the hand-rail or anything else, and when the car started suddenly, after having stopped for a few seconds, he was thrown from the car. There was evidence introduced tending to show the extent of plaintiff's injuries.

The defendant introduced one Askew, as a witness in its own behalf, who testified that he was the motorman on the car from which the plaintiff was thrown, at the time of the accident. That just below the crossing at the Exchange Hotel corner, there was a switch, and when he stopped to throw the switch several passengers got off; but plaintiff remained sitting in the car. The plaintiff did not ring the bell or give any other signal to him to stop, and that the proper method to stop a car was to ring one bell for first crossing. The defendant then asked this witness: "Is that a public rule?" The plaintiff objected to the question, because it was illegal, in that it was not shown that the rule was in existence at the time the plaintiff was injured. The objection was overruled, and the plaintiff duly excepted. The witness answered "that it was," and further testified that it was the rule at the time the plaintiff fell off the car, and had always been that way. This witness further testified that he had been running on the Court Street line, which was the line on which the plaintiff went to his place of business, and that the plaintiff was a frequent passenger on said line and on the car on which plaintiff was motorman. Thereupon the defendant asked said witness the following question: "Did he [meaning plaintiff] ever request you to bring him down the line, and let him get off at his place of business?" The plaintiff objected to this question, because it was illegal, and the evidence it sought was immaterial and irrelevant. The court overruled the objection, the plaintiff duly excepted, and the witness answered: "Yes, he asked me to always slow up, and let him get off at D. M. Snow & Co's." The witness was then asked: "He had requested you to do that and you had done it?" To which he replied: "Yes sir, often, and I always let him off there."

[McDonald v. Montgomery Street Railway.]

The plaintiff objected to this question and moved to ex-
clude the answer thereto on the ground that the question
was illegal and the answer irrelevant and immaterial.
The court overruled the objection and motion, and to
each of these rulings the plaintiff separately excepted.
The witness was then asked the following question:
"'What was McDonald's habit as to getting off the car in
front of D. M. Snow & Co's. ?" Plaintiff ojected to
this question, on the ground that it was illegal and call-
ed for immaterial and irrelevant evidence. The court
overruled the objection, and to this ruling the plaintiff
duly excepted. In answer to this question the witness
testified that every morning the plaintiff would come
down, and every day when he went home to dinner, he,
witness would stop the car—go very slowly—when the
plaintiff would get off; that plaintiff would not ask him
to stop the car, but would just say. "let it slow down,"
when he would get off. There was other evidence in-
troduced in behalf of the defendant tending to show that
at the time the plaintiff attempted to alight from the car
it was in motion, and that there had been no signal giv-
en by the plaintiff to the motorman to stop the car in
order to allow him to alight. The other facts of the case
are sufficiently stated in the opinion.

There was a general exception reserved by the plain-
tiff to the giving of the charge by the court, *ex mero mo-
tu*, but under the opinion it is deemed unnecessary to
set out this charge in detail.

The plaintiff requested the court to give to the jury
the following written charge, and duly excepted to the
court refusal to give the same as asked: "The court
charges the jury, that if they are reasonably satisfied
from the evidence that the car that McDonald was on,
came to a full stop before McDonald got up, for the pur-
pose of allowing passengers to alight, then McDonald
arose and walked to the rear door and opened it with the
intention of alighting and the motorman saw these
movements of McDonald, it was not necessary for Mc-
Donald to ring the bell for the car to stop, notwithstand-
ing the fact that the jury might be reasonably satisfied,
from the evidence, that it was the rule of passengers to
ring the bell for the car to stop."

At the request of the defendants, the court gave to the
jury the following written charges, and to the giving of

[McDonald v. Montgomery Street Railway.]

each of them the plaintiff separately excepted : (1.) "Before the plaintiff can recover under the first count in the complaint filed in this cause, the jury must be reasonably satisfied from the evidence that the plaintiff was a passenger on the cars of the defendant on the 12th day of November, 1894; that when the car he was on reached Commerce street, at or near its intersection with Court Square, it came to a stop for the purpose of allowing passengers to alight therefrom ; that while said car was at a full stop, plaintiff, exercising all due and proper care on his part, was leaving said car ; that before he had fully succeeded, and while upon the last step leading to the ground from said car, the person in charge of said car, unmindful of his duty to plaintiff, carelessly and negligently and without any warning to plaintiff, and before the plaintiff could get off said car, caused said car to start off, suddenly and rapidly, thereby throwing plaintiff to the ground and injuring him ; and that plaintiff was exercising due care, and was not negligent." (2.) "Before the plaintiff can recover under the second count in the complaint filed in this cause, the jury must be reasonably satisfied from the evidence that the plaintiff was a passenger on the car of the defendant on the 12th day of November, 1894 ; that when the car he was on reached Commerce street at or near its intersection with Court Square, it came to a stop for the purpose of allowing passengers to alight therefrom, that while said car was at a full stop, plaintiff exercising all due and proper care on his part, was leaving said car; that before he had fully succeeded, and while upon the last step leading to the ground from said car, the defendant's motorman, who was in charge of and operating said car, was unmindful of his duty to plaintiff, and failed to keep said car stopped until plaintiff could retire therefrom ; that said motorman, knowing that the plaintiff was leaving the car, carelessly and negligently, and without any warning to plaintiff caused said car to start off suddenly and rapidly with a jerk, thereby throwing plaintiff violently upon the stone pavement, and injuring him ; and that plaintiff was without fault or negligence, which contributed proximately to his injury." (3.) "If the jury believe from the evidence that the plaintiff, McDonald, was standing on the rear step of the car while it was in motion, when there was room

for him to sit or stand on the inside of the car, and was thrown from the step to the ground by the mere neglect of the motorman, and that he (McDonald) would not have been thrown to the ground by such negligence of the motorman if he had been sitting or standing on the inside of the car, then they must find their verdict for the defendant." (4.) "The plaintiff can not recover damages in this case if the jury believe from the evidence that he so far contributed to his misfortune by his own negligence, or want of care and caution, that, but for such negligence or want of care and caution on his part, the misfortune would not have happened." (5.) "If the jury believe from the evidence that the plaintiff, McDonald, stepped off the car after it had begun to move or while it was moving, without any other necessity therefor than his desire to alight at that point, and his injury was caused by his so stepping off the car, which could have been avoided by his remaining on the car, then he is guilty of negligence which would defeat a recovery in this case." (6.) "If the jury believe from the evidence that the plaintiff, McDonald, voluntarily stepped off the car while it was in motion, he thereby assumed all risk of alighting safely, and he cannot recover." (7.) "The plaintiff can not recover damages in this case, unless the jury believe from the evidence, that his injury was occasioned solely by the negligence or improper conduct of the defendant."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court upon the evidence, and the giving and refusal of the several charges.

GRAHAM & STEINER and LEE H. WEIL for appellant.—
1.   There was error in the court permitting the question "Is that a public rule?" to be asked the defendant's witness, Askew. Propounding the question discussed was an attempt to prove a custom without laying the proper predicate therefor.—1 Greenl. on Evidence, § 136; *Buyck v. Schwing*, 100 Ala. 355. There was nothing preceding this question, which went to show that the witness was qualified to testify to such a custom; nor was there anything to show that such a custom, if relevant at all, was known, certain, uniform, reasonable and contrary to law.—2 Greenl. on Evidence, § 251; *M. & E. R. R. Co. v. Kolb*, 73 Ala. 396.

2. The court erred in overruling the plaintiff's objection to the question, "Did he, (plaintiff) ever request you to bring him down the line and let him get off in front of his place of business?" which was propounded by the defendant to the witness Askew. The evidence sought to be elicited by this question was immaterial and irrelevant. Though plaintiff may have asked defendant's motorman to always let him off in front of his place of business, it would not give the said motorman the right to start his car with a violent jerk, until he was sure there was no one in the act of getting off his car. This, which was his duty, he failed to do, and it was no excuse that plaintiff had asked once or twice, or oftener, to be permitted to get off the car in front of his place of business. It is the law, that when a car has stopped at a place where passengers are in the habit of leaving or entering cars, no matter what the cause of the stop, it is the duty of the person in charge of the car to ascertain before starting it, whether or not passengers are entering or leaving it.—*Chicago W. D. R. Co. v. Mills*, 11 Amer. & Eng. R. R. Cases, 128.

3. There was error in the general charge given by the court, *ex mero motu*.—*M. & E. R. R. Co. v. Kolb*, 73 Ala. 396; *K. C., M. & B. R. R. Co. v. Webb*, 97 Ala. 157.

4. If the car stopped for the purpose of allowing passengers to alight, as hypothecated in the charge requested, it was the duty of the person in charge of the car, whether the bell was rung or not, to be certain before starting it that no one was in the act of leaving it. *H. A. & B. R. R. Co. v. Burt*, 92 Ala. 291; *N. B. St. R. Co. v. Calderwood*, 89 Ala. 247; *Chicago W. D. R. Co. v. Mills*, 11 Amer. & Eng. R. R. Cas. 128; *Poulin v. Broadway, &c., R. R. Co.*, 61 N. Y. 621; *Rathbone v. Union R. R. Co.*, 13 Amer. & Eng. R. R. Cas. 58; *Wardle v. N. O. City R. R. Co.*, 13 Am. & Eng. R. R. Cas. 60. "The law has been well settled in regard to the duty of the driver, or the person in charge of a horse car, operated for the carriage of passengers. In the latter case, it is the duty of the driver to wait a sufficient length of time to enable passengers to alight in safety by the exercise of reasonable diligence, and, in any event, to see and know that no passenger is in the act of alighting, or is otherwise in a position which would be rendered perilous by a movement of the car. If he fail in these respects and

injury results from such failure, his employer is liable."
*H. A. & B. R. R. Co. v. Burt*, 92 Ala. 291; *B. U. Railway Co. v. Smith*, 90 Ala. 63; *Rathbone v. Union R. Co.*, 13 Amer. & Eng. R. R. Cas., 58.

5. "Negligence on the part of plaintiff himself, to be available as a defense to an action, must have contributed proximately to the injury." This requirement is ignored in charge one, given by the court, at the request of the defendant. The inference to be drawn from it is, that if the defendant is guilty of any negligence at all, he could not recover. The negligence upon the part of the plaintiff, necessary to cut off the right of recovery, must have been proximate to and instrumental in bringing about the injury. Said charge is faulty in the particular named, and should not have been given.—*Thompson v. Duncan*, 76 Ala. 334; *Carter v. Chambers*, 79 Ala. 223; *Chicago, &c. R. R. Co. v. Carroll*, 12 Ill. App. 643.

6. The court should have refused to give the charges numbered 5 and 6 requested by the defendant, for the reason that they are wholly unsupported by evidence in the case, and are therefore abstract. Admitting that they are applicable under the facts; they do not, as we have seen in a former part of this brief, assert correct propositions of law. They declare that it is negligence to step from a street car while in motion, whether slow or fast, which we deny.—*M. & E. R. R. Co. v. Stewart*, 91 Ala. 424; *H. A. & B. R. R. Co. v. Winn*, 93 Ala. 306; *Eppendorf v. Brooklyn &c. R. R. Co.*, 69 N. Y. 195; *Morrison v. Erie R. Co.*, 56 N. Y. 302; *Rathbone v. Union R. R. Co.*, 13 Amer. & Eng. R. R. Cas. 58; *Briggs v. Union St. R. Co.*, 148 Mass. 72; *Chicago City R. Co. v. Mumford*, 3 Amer. & Eng. R. R. Cas. 312; *Corlin v. West End St. R. Co.*, 154 Mass. 197.

7. The seventh charge to the jury, given at the request of the defendant, was improper and should not have been given, as it was calculated to mislead the jury. It instructed the jury to find for the defendant if it believed from the evidence that plaintiff's injury was occasioned solely by the negligence or improper conduct of the defendant. This is not the law as it is laid down. The negligence of the defendant "need not be the sole cause, but it is sufficient if it be one of two or more concurring efficient causes."—*West. R. of Ala. v. Sistrunk*, 85 Ala. 352; *North B. St. R. Co. v. Calderwood*, 89 Ala. 247. It is the law, that if the injury to plaintiff oc-

curred through the negligence of the defendant and of some third party, the plaintiff would not be precluded of his remedy against the defendant.—*Otis v. Thom*, 23 Ala. 469; *Sheridan v. Brooklyn &c. R. R. Co.*, 36 N. Y. 39; *Allen v. Galveston City R. Co.*, 79 Tex. 631; *Holly v. Atlanta St. R. R. Co.*, 61 Ga. 215; 1 Sherman & Redfield on Negligence, § 66.

ROQUEMORE & WHITE, *contra*.—There was no error in the court's refusal to give the charge asked by the plaintiff. In view of all the evidence as to plaintiff's habit of going beyond the point where he met with his mishap, as to his request to the motorman on that car to carry him to a point beyond, it was proper to refuse this charge, even if it would have been proper without such evidence. Unless informed by some signal, or otherwise, the motorman is not bound to know that a passenger who acts thus wishes the car to stop.—Booth on St. Railways, § 337.

2. The third charge requested by the defendant was properly given. This charge is predicated upon the duty of all passengers on street railways to use due and proper care to prevent accident to themselves. It is not permissible for a street railway passenger to put himself in a position of danger, and then by reason of being in that position to suffer an injury and lay the penalty of it upon the street railway company, unless he was purposely, or recklessly, or wantonly injured by the company. This charge merely postulates this proposition. The defendant had provided a safe vehicle for plaintiff to ride in, and in due regard to his own safety, and to the right of the defendant to have him take proper care of himself, and not subject defendant to any extra hazard in carrying him, he should not have exposed himself to the danger of riding on the lower step of the platform, where, if he had not been, he would not have been hurt. The charge but states the proposition, if the plaintiff was guilty of negligence, which contributed proximately to his injury, he could not recover.—Booth on St. Railways, § 341.

3. The 5th, 6th and 7th charges requested by the defendant were properly given.—*R. R. Co. v. Burt*, 92 Ala. 291; *N. B. St. R. Co. v. Calderwood*, 89 Ala. 247; *B. U. R. Co. v. Smith*, 90 Ala. 63.

[McDonald v. Montgomery Street Railway.]

HARALSON, J.—Conceding that there was error in allowing the witness for defendant, Askew, to answer the question, that it is a public rule to ring the bell of the car at a crossing, in order to stop the car, on the ground that it was not shown to have been the rule at the time plaintiff was hurt, the error was cured, by the witness answering another question, immediately propounded, in order to obviate the objection to his previous answer, "that it was the rule at the time plaintiff fell off the car, and had always been that way."

The witness, Askew, was asked by defendant: "Did he (the plaintiff) ever request you to bring him down the line, and let him get off in front of his place of business?" This witness was the motorman on the car, when plaintiff was hurt. It was shown, that the plaintiff's place of business was on the car line below, west of the crossing at the Exchange Hotel, where he claims to have been hurt; and the evidence tended to show, that it was plaintiff's habit to ride further down the street, in front of his place of business, before alighting, and had formerly requested the motorman to allow him to do so. Plaintiff testified, that the motorman saw him get up in the car, and go to the rear platform; that he did not notify the motorman that he wished to get off at that place, except by getting up and pulling the door open, and that the accident happened at the exchange crossing, where the car had stopped, but not long enough for him to alight. On the other hand, the motorman, Askew, swore he did not see the plaintiff get up and go to the rear platform as if to get off at the crossing, but that, after other passengers had gotten off, at a switch before reaching the crossing, he saw plaintiff sitting in the car, which was the last he saw of him that day; that he did not stop the car at the Exchange crossing, but passed it without stopping, and plaintiff did not ring the bell for him to stop. In this state of conflict in the evidence, the question was admissible to explain the action of the motorman in not stopping for plaintiff to get off at the crossing, even if he had seen him arise from his seat and go to the rear platform, as plaintiff swears the motorman did. If it was plaintiff's habit to get off lower down the line, opposite his place of business, the motorman could hardly be held to have known that morning, of plaintiff's change of intention, to leave the car at

the crossing, without some notification, as by ringing the bell, or other indication of such a desire. For like reasons, the third and fifth assignments of error,—based on questions allowed to the motorman by defendant, as to plaintiff's habit in getting off the cars below the crossing, and often having requested the motorman to allow him to do so,—were without merit. In passing upon the motorman's negligence, *vel non*, it was proper to allow the defendant to show the prior conduct of plaintiff, which might have led the motorman reasonably to infer that he did not intend to alight at the crossing.

The charge requested by plaintiff and refused, was an improper instruction under the facts of this case. There was evidence tending, as has been stated, to show plaintiff's habit in going beyond the point where he met the mishap ; that the motorman did not know or have reason to believe that plaintiff desired to alight at the crossing, and that he had no signal from plaintiff to stop for him to get off at that point. Unless informed by signals or otherwise, the motorman was not bound to know that plaintiff desired to leave the car or wished to have it stopped ; and the mere fact, in the face of the alleged custom of plaintiff not to alight at the crossing, even if the motorman saw plaintiff arise and go to the rear, was not sufficient, without more, to fix on him the knowledge that plaintiff desired to get off at that place. He might well have supposed, that this movement was but preparatory to getting off lower down, opposite his place of business.—Booth on Street Railways, § 337.

This case was tried,as to both its counts, on the double defense of not guilty and the plea of contributory negligence on the part of the plaintiff. The effect of this double defense, as we have held, was, under the one, that defendant denied all negligence on its part, and threw the burden of proof on the plaintiff. But as a further defense, under the other, the defendant set up, that if found to be guilty of negligence, plaintiff was himself guilty of negligence which contributed proximately to the injury he received. If this latter defense is relied on, the burden is on the defendant to make it good. When such double defenses are interposed, that of contributory negligence is not in whole, nor to any extent an admission that defendant has been guilty of any negligence, and the case may be tried upon either or both

lines of the defenses set up.—*L. & N. R. R. Co. v. Hall*, 87 Ala. 722; *S. & N. A. R. R. Co. v. Schaufler*, 75 Ala. 137; *E. T. V. & G. R. R. Co. v. Holmes*, 97 Ala. 332; *Carter v. Chambers*, 79 Ala. 229. And, if either defense is made out, the defendant is entitled to a verdict. The plaintiff, as was said in the case last referred to, to make out his side of the case, must prove the defendant was guilty of some negligence, the proximate effect of which was injury to him. This will entitle him to recover, the defense of contributory negligence being relied on, unless it was shown the plaintiff was also guilty of negligence, which contributed proximately to the injury. Again, it has been said, that necessity has modified the rule last referred to in the case of a passenger on a railroad train, but not to the extent of entire exemption from the necessity to make a *prima facie* case of negligence. Proof of mere injury, without more, does not raise a presumption of negligence, sufficient to impose on the company the burden to prove due care on its part. In order to recover, it is incumbent on plaintiff to show an accident from which injury resulted, or circumstances of such character as to impute negligence.—*B. U. R. Co. v. Hale*, 90 Ala. 11. In still later adjudications on this subject, this rule as to the burden of proof is stated more fully, to which for the purposes in hand, we may properly refer. In *Bromley v. B. M. R. R Co.*, 95 Ala. 403, after reviewing the authorities, some holding to a different rule, it was said : "In this State the rule is firmly established, that contributory negligence is matter of defense ; that it is incumbent on the defendant to plead it, and the burden rests on the defense to sustain the plea by proof, unless the evidence offered by the plaintiff in support of his case establishes contributory negligence on his part, in which event it cannot be held that he has made out his own case. Contributory negligence being matter purely defensive under our decisions, it must follow that there are no presumptions against a plaintiff of a want of due care and diligence on his part, and that there is no burden on him to prove affirmatively that he exercised due care and diligence. The burden of contributory negligence resting on the defendant, it follows that when the proof shows injury, caused by the culpable negligence of the defendant, and the proof is wholly silent as to contributory negligence, the plaintiff is entitled to recover."

In *K. C. M. & B. R. R Co. v. Crocker*, 95 Ala.428, the question arose, "Does a statement of a cause of action, based upon the charge that the defendant was negligent, involve the assertion that no negligence on the part of the plaintiff proximately contributed to the injury of which he complains, so that a mere denial of the allegations of the complaint casts the burden on the plaintiff to show that he was not guilty of contributory negligence?" and it was said : "The *onus* in this regard is in all cases on the defendant, though plaintiff's evidence sometimes relieves from the necessity of discharging it.— *Ga. Pac. Railway Co. v. Davis*, 92 Ala. 312. The defendant need not introduce evidence of a special plea, if the evidence introduced by the plaintiff has already established the defense. But the sources from which the evidence comes, does not determine that it was not purely defensive matter, and available only under a special plea, or that the burden to prove it was not on the defendant. The term, "contributory negligence," instead of implying such a denial of the material allegations of the complaint, as is made by pleading the general issue, implies just the contrary. The theory of this special defense is, that the defendant was negligent, but that the negligence of the plaintiff conduced to the injury complained of. The defense is in the nature of a confession and avoidance. It may fully be made out, without denying a single allegation of the complaint. The pith of it is, that admitting that the defendant was negligent as charged, yet the plaintiff is not entitled to recover because his own negligence proximately contributed to the injury. The plea of contributory negligence standing by itself, admits the negligence charged in the complaint." After referring to the rule as established in Massachusetts, that the plaintiff's allegation that the injury happened in consequence of the negligence of the defendant, implies that there was no negligence on the part of the plaintiff which contributed to the injury, and throws upon him the burden that he was free from such negligence, the court add, holding to a different doctrine: "It is now well settled in this State, that no such implication is involved in the plaintiff's allegation that the defendant's negligence caused the injury, and the burden is not primarily on the plaintiff to negative fault on his part." The case of *Govr. St. R. R. Co. v. Han-*

*lon*, 53 Ala. 70, holding to a different view,—the one expressed by the Massachusetts court,—was overruled. Under the plea of the general issue, charges Nos. 1 and 2 for defendant, were not improper instructions. They were applicable to that line of defense.

We have referred to and collected our adjudications, to the extent we have, in order to bring them together, and apply them to the pleadings in this case.

That part of the *mero motu* charge of the court, given at length in the abstract was excepted to as a whole. It was not bad in all its parts. If the plaintiff had specified the objectionable parts and they were of any force, the court would have had the opportunity to change the charge so as to make it unobjectionable to him, and might have done so.

The 7th charge was, that "the plaintiff can not recover damages in this case, unless the jury believe from the evidence, that his [plaintiff's] injury was occasioned solely by the negligence or improper conduct of the defendant." From what has appeared touching the plea of contributory negligence and in considering that line of defense, we are authorized to eliminate from the complaint, as immaterial, the averments,—from the first count,—plaintiff "was exercising due care,"—and from the second,—"was using due care." Under our rulings they do not change the burden of proof, and defendant, setting up and relying on the defense of contributory negligence, would be required to prove it, notwithstanding those averments in the complaint. Under the plea of not guilty, without other defense, the plaintiff having averred that the defendant was negligent and he was exercising due and proper care, this charge would not have been improper, for plaintiff would have been bound by the rules of evidence, to establish the averments of his complaint, which done, the injury would have been shown to have arisen solely from the negligence of the defendant. Precisely this defense was relied on here, and the evidence tended to show that defendant was guilty of no fault whatever. So, the charge was not improper on that phase of the case.—*S. & N. A. R. R. Co. v. Schaufler*, 75 Ala. 137, *supra*; *E. T. V. & G. R. R. Co. v. Holmes*, 97 Ala. 332, *supra*.

But the case having been tried on the other line of defense,—that of contributory negligence, as well as on

the plea of not guilty,—was the charge a proper one in respect to it? It is a familiar principle, that charges should have reference to the evidence, and must be construed in connection therewith; and if a charge given, construed in connection with the testimony, is free from error, it will not be ground of reversal, even if it declare a rule which would not be correct, when applied to other supposed states of proof, or, as a universal proposition, it may be erroneous.—*Carter v. Chambers*, 79 Ala. 228; 1 Brick. Dig. 345, § 141. On the evidence, if the injury was occasioned by anything other than the negligence of the defendant, it arose from the contributory negligence of the plaintiff, and from nothing else; and, if so, the jury were bound to find for the defendant, but if they did not so believe, then defendant was left as the sole agent in producing the injury. Under the evidence, it was the one way or the other. The defendant was wholly guilty of the negligence causing the injury, or the plaintiff's negligence wholly contributed to it. There was no middle ground. There was no evidence of any concurring efficient causes, other than the ones put in operation by the defendant or by the plaintiff. Construed with reference to the evidence, said charge No. 7 for defendant was not an improper statement of the law. *Holland v. Tenn. C., I. & R. R. Co.*, 91 Ala. 455; *C. & W. R'y. Co. v. Bradford*, 86 Ala. 574.

Charge No. 3 at defendant's request was not erroneous. The plaintiff testified that the car had stopped and he was standing on the last step, and was just in the act of getting off, when the car he was on started up violently, without any notice or warning of any kind to him, and with great speed, and threw him off, before he had time to catch the rail. On cross examination he testified, that when he went to get off the car, at the point he fell, "he stepped on the lower step, without having hold of the hand-rail or anything." The motorman swore he did not know he was in that position; that the car was in good condition; that plaintiff was the only remaining passenger in the car, and that it did not stop at the crossing. The witness for defendant, J. R. Sayre, swore to facts tending to show, that the car had passed the crossing and was in motion when plaintiff fell. He stated that the first he saw of plaintiff was, that he saw him in the air falling, and just as he struck the ground, at a point forty

or fifty feet below the Exchange Hotel crossing, and that the car had slowed up, when plaintiff fell. Under these circumstances, said charge was. proper, and contained a correct exposition of the law as applicable to the case.— Booth on Street Railways, § 341.

There was no error, under the plea of not guilty in giving charge 4. The complaint alleges, that plaintiff was not guilty of negligence, and exercised "all due and proper care, and that defendant carelessly and negligently, and without due warning to plaintiff caused said car to start off suddenly and rapidly, whereby plaintiff was thrown off and injured." The proof showed, according to plaintiff's account of the accident, that he did not have hold of the hand-rail while standing on the lower step, preparatory to alighting, and that there was unobstructed room on the other side, for him to have gotton off without danger of injury from the passing train, which he says caused him to halt on the lower step ; and according to defendant's account of the case and proof, he attempted to alight while the train was in motion, without having given any signal to stop. Under the plea of contributory negligence also interposed in the case, the instruction in said charge was free from error.

From what has appeared, charges 5 and 6 for defendant were free from error. In *Ricketts v. Birmingham St. R'y Co.*, 85 Ala. 604, we said, and generally very correctly, that stepping from a moving car without necessity, when injury is caused thereby, which could have been avoided by remaining on the car,—by the exercise of ordinary diligence,—is negligence, which will defeat a recovery because of prior negligence of the agents or servants of the company.—*Cen. R. R. & B. Co. v. Letcher*, 69 Ala. 106 ; *Thompson v. Duncan*, 76 Ala. 334. "When a passenger leaves a moving car, he incurs more or less danger because he is affected by its momentum. * * * As in boarding, so in alighting, the passenger assumes the risk of all injuries, caused by the ordinary momentum of the cars. Unless informed by signals or otherwise, the driver and conductor are not bound to know. that a passenger expects to leave the car or wishes to have it stopped."—Booth on Street Railways, § 337. These charges were in keeping with these principles.

[Metcalf v. Arnold.]

We find no error as assigned, and the judgment of the court below is affirmed.