# Ala. Great Southern R.R. Co. *v.* Quarles & Couturie.

### Action for Loss of Cotton.

[DECIDED JAN. 30, 1906, 40 SO. REP. 120.]

*Carriers; Lost Goods; Defenses; Acts of God.*—Where a carrier re-
ceived cotton at M. consigned to parties at E., and the cotton
was destroyed by a cyclone which passed over M. but did not
touch E., and the cotton was received by it for shipment ten
days before it was destroyed, it cannot invoke the act of God
as a defense to an action for its destruction, for that it was
guilty of negligence in failing to forward the cotton within a
reasonable time, which negligence intervened to cause the
loss or injury.

APPEAL from Fayette Circuit Court.

Heard before Hon. S. H. SPROTT.

This was an action by Quarles & Couturie against the
Alabama Great Southern R. R. Co., to recover certain
cotton delivered to the appellant at Moundville, Ala., to
be shipped to Eutaw, Ala. The facts are sufficiently set
out in the opinion of the court.

A. G. and E. D. SMITH, for appellant.

DEGRAFFENREID & EVINS, for appellee.

TYSON, J.—Only one question is presented by the
record in this case. It is this: Whether the defendant

as a common carrier can avail itself of the defense of the act of God under the facts upon which the case was tried. The facts may be stated as follows: The plaintiffs were cotton buyers, doing business in Eutaw, Ala. On January 11, 1904, they bought at Moundville, Ala., six bales of cotton from one Findlay, which he delivered to defendant at that place on that day for shipment, and received from defendant's agent a bill of lading therefor, consigning the cotton to plaintiffs at Eutaw. The defendant was at that time and at the time of the trial a common carrier, operating between Moundville and Eutaw, stations on its line situated 20 miles apart. The cotton was never delivered by the defendant to the plaintiffs. On the morning of the 22d day of January, 1904, a cyclone of great violence passed through the town of Moundville,. practically destroying it, killing and wounding many people, and destroying the cotton, but did not pass through Eutaw. It will be noted that the delay in shipping the cotton was about 11 days after it was received by the defendant, and this is the fact relied upon as precluding the defendant from asserting that the cyclone, which confessedly was an act of. God, was the cause of the loss in order thereby to relieve itself of all liability for its failure to safely deliver the cotton at Eutaw.

As a general rule the undertaking of a common carrier to transport goods to a particular destination includes the obligation of a safe delivery of them, within a reasonable time, to the consignee. And the contract of carriage is one of insurance against every loss or damage, except such as may be occasioned by the act of God or the public enemy or the fault of the owner of the goods or his agent. And in this state the shipper makes a *prima facie* case against the carrier when he shows the goods were not delivered, and, in order for the carrier to relieve itself of the absolute liability for their loss as an insurer, it must bring itself within the exception relied upon as an excuse for its failure to deliver.— *Grey's Ex'r v. Mobile Trade Co.*, 55 Ala. 387, and cases there cited. Has the defendant done this, when it appears that it was in default in not carrying out its con-

tract by 'not shipping the cotton within a reasonable time, as it obligated itself to do, and which if it had done the cotton would not have been destroyed by the cyclone? In other words, will it be allowed to invoke the act of God 'which destroyed the cotton as an excuse for the failure to deliver it, when, if it had discharged its duty, the cotton would not have ben destroyed?

The precise question has arisen and been adjudicated in other state. In some of them the question has been answered in the affirmative, and in others in the negative. The appellate courts of New York and Pennsylvania were the first to lead off on this question. The New York court held the carrier liable, and the Pennsylvania court held that it was not. When the question arose in other jurisdictions, some of the courts followed the lead of the New York court, and others that of the Pennsylvania court, so that the decisions of these two states may be regarded as the leading ones, pro and con, upon the question here presented. The cases in New York are *Michaels v. N. Y. C. R. R. Co.*, 30 N. Y. 564, 86 Am. Dec. 415, and *Read v. Spaulding,* 30 N. Y. 630, 86 Am. Dec. 426. The Pennsylvania case is *Morrison v. Davis,* 20 Pa. 171, 57 Am. Dec. 695. The New York cases held, and we think correctly, that, where a carrier is intrusted with goods for transportation and they are lost, the law holds him responsible for the loss unless exempted by showing that the loss was caused by the act of God or the public enemy. And to avail himself of such exemption he must show that he was free from fault at the time. In other words, when there is an unreasonable delay on the part of the carrier in forwarding the goods and they are destroyed by the act of God during this delay, that he is not excused for the reason that it was by his fault that they were exposed to the peril. Says the court in *Read v. Spaulding,* quoting the language of Gould, Jr., in *Williams v. Grant,* 1 Conn. 487, 7 Am. Dec. 235: '"It is a condition precedent to the exoneration of the carriers that they should have been in no default, or, in other words, that the goods of the bailee should not have been exposed to the peril or accident, by their own misconduct, neglect, or ignorance. For, though the immediate

or proximate cause of the loss, in any given instance, may have been what is termed the act of God, or inevitable accident, yet, if the carrier unnecessarily exposes the property to such accident by any culpable act or omission of his own, he is not excused." In line with this holding may be found the court of Kentucky, Missouri, Illinois, and Tennessee.—*Hernsheim Bros. & Co. v. Newport News & M. Val. Co.*, 35 S. W. 1115, 18 Ky. Law Rep. 227; *Armentrout v. St. Louis K. C. & N. Ry. Co.*, 1 Mo. App. 158; *Pruitt v. Hannibal & St. J. R. Co.*, 62 M. 527; *Wald v. Pittsburg, C. C. & St. L. R. Co.*, 162 Ill. 545, 44 N. E. 888, 35 L. R. A. 356, 53 Am. St. Rep. 332; *Southern Exp. Co. v. Womack*, 1 Heisk. (Tenn.) 256.

On the other hand as approving the doctrine of *Morrison v. Davis* (Penn. case), may be found the courts of Michigan, Mississippi, Ohio, Massachusetts, and the Supreme Court of the United States.—*Michigan Cent. R. Co. v. Burrows*, 33 Mich. 15; *Merchant's Wharfboat Association v. Wm. Wood & Co.*, 64 Miss. 669, 2 South. 76, 60 Am. Rep. 76; *Yazoo & M. V. R. Co. v. Millsaps*, 76 Miss. 866, 25 South. 672, 71 Am. St. Rep. 543; *Daniels v. Ballantine*, 23 Ohio St. 532, 13 Am. Rep. 264; *Denny v. New York Cent. R. Co.*, 13 Gray (Mass.) 481, 74 Am. Dec. 645; *Hoadley v. Northern Transportation Co.*, 115 Mass. 304, 15 Am. Rep. 106; *Memphis & Charleston R. Co. v. Reeves*, 10 Wall. (U. S.) 176, 19 L. Ed. 909. It must be admitted that in all these cases, except the cases reported in 13 Gray, 74 Am. Dec., and 64 Miss., 2 South. 60 Am. Rep., the principles declared in the *Morrison v. Davis Case* were directly involved and that they were in direct conflict with our views and with our own case of *L. & N. R. R. Co. v. Gidley*, 119 Ala. 523, 24 South. 753. In those two cases (13 Gray, 74 Am. Dec., and 64 Miss., 2 South. 60 Am. Rep.) the defendants were bailees, and their liability was, of course, predicated upon negligence. And while the Massachusetts court in that case approved what was said in *Morrison v. Davis* upon the point that the delay in the transportation of the goods was not the proximate cause of their injury, it cannot . be held to have approved the proposition that a defendant, when

liable as an insurer, being at fault at the time the act of God caused the loss, could invoke that act as a defense. That case, therefore, cannot be regarded as authority on the point under consideration. For the same reason the case in 64 Miss. cannot be regarded as authority. And in our opinion the fallacy of the doctrine in *Morrison v. Davis* is made apparent, when we view the liability of the carrier from the standpoint of an insurer, and not that of the bailee for hire.

Adverting again to our case of *L. & N. R. R. Co. v. Gidley, supra*, we need only to state what was there held to see that it supports the position we have taken. In that case the plaintiff delivered to the defendant, a common carrier, on Saturday, at Gadsden, some leather to be shipped to Philadelphia, and received from it a bill of lading limiting defendant's liability to due care and reasonable diligence in protecting it from loss by fire. The leather was received in time for shipment on the same day over a line connecting with defendant's road, five miles from Gadsden, but it was held for shipment over defendant's usual route, by way of Calera, on Monday morning following; no freight train running on Sunday. It was held that as matter of law defendant was not justified in delaying the shipment, and its failure to ship on the day the leather was received rendered it liable for its loss by fire which occurred on the night of the day the leather was received. This holding, it seems to us, clearly put this court in line with the New York cases. For undoubtedly the principle which must control is the same whether the carrier undertakes to exempt itself from liability as an insurer by the act of God or the public enemy, or by contract against fire not occasioned by its own neglect.—*Steele v. Townsend*, 37 Ala. 247, 253-256, 79 Am. Dec. 49. In this case (*Steele v. Townsend*), on page 256 of 37 Ala. (79 Am. Dec. 49), will be found the quotation, which seems to be approved, from 1 Smith's Leading Cases, directly on the point here involved: "The true view is not that the carrier discharges his liability by showing an act of God and is then responsible, as an ordinary agent, for negligence, but that the intervention of negligence breaks the car-

[Central of Ga. Ry. Co. v. Turner.]

rier's line of defense, by showing that the injury or loss was not directly caused by the act of God, or, more correctly speaking, was not the act of God.

While this may be dictum, it is in accord with our views and those expressed in cases upon which we rely, and clearly indicates the views of this ocurt at that time upon the question here under consideration.

Affirmed.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.