(127 So. 824)

## BRITTON LUMBER CO. v. CENTRAL OF GEORGIA RY. CO.

4 Div. 477.

Supreme Court of Alabama.
April 17, 1930.

O. S. Lewis, of Dothan, for appellant.

Farmer, Merrill & Farmer, of Dothan, for appellee.

THOMAS, J.

The two questions argued and for decision are the overruling of demurrer to plea C, seting up the act of God, and the giving of general affirmative charge for defendant.

The statement of the rule as to pleading an act of God is found in Alabama G. S. R. R. Co. v. Quarles, 145 Ala. 436, 40 So. 120, 5 L. R. A. (N. S.) 867, 117 Am. St. Rep. 54, 8 Ann. Cas. 308, where the general authorities are collected. See, also, 10 C. J. pp. 111–113; L. R. A. 1916D, 990; 4 R. C. L. 696–704. That rule is also applied in Atlantic Coast Line R. Co. v. Enterprise Cotton Co., 199 Ala. 57, 74 So. 232; Walter v. A. G. S. R. Co., 142 Ala. 474, 39 So. 87; Ollinger et al. v. Gibbony & Co., 202 Ala. 516, 81 So. 18; Boon & Co. v. The Belfast, 40 Ala. 184, 88 Am. Dec. 761; Smith & Co. v. Western Ry. of Ala., 91 Ala. 455, 8 So. 754, 11 L. R. A. 619, 24 Am. St. Rep. 929. The plea sufficiently sets out the facts; shows when and that the lumber was promptly delivered in due course, by first available transportation; that it was placed on the proper and usual transfer side track at Dothan, where it was destroyed by fire caused by lightning—act of God; and the further facts averred show that defendant's agents were not guilty of negligence after the fire was duly and promptly discovered. Such are the essential elements of that defense as stated in Smith & Co. v. Western Ry. of Ala., supra. And the facts averred sufficiently support the conclusion that the loss was not the result of negligence on the part of defendant or its employees.

The giving and refusing of the general affirmative charge has often been discussed. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. The fact that defendant knew that cotton was stored in this compress, and that it was of a highly inflammable nature, and where the fire was by lightning at the time of day and condition of the weather, and the way the wind was blowing, did not raise an adverse reasonable inference of material fact against defendant's right of the peremptory instruction given.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.