170 So. 207

**LOUISVILLE & N. R. CO. v. FINLAY et al.**

3 Div. 168.

Supreme Court of Alabama.

Oct. 15, 1936.

C. E. Hamilton, of Greenville, McMillan & Caffey, of Brewton, and Steiner, Crum & Weil, of Montgomery, for appellant.

H. C. Rankin, of Brewton, for appellees.

FOSTER, Justice.

This is an action at law for the failure to deliver to plaintiff a carload of sugar, received by defendant as a common carrier and to be delivered to plaintiff at Brewton, Ala.

Defendant pleaded, in addition to the general issue, pleas 2, 3, and 4, to which demurrer was overruled. Issue was then taken on them without a special replication. Pleas 2 and 3 allege that the shipment was interstate, and that after it reached its destination at Brewton, there occurred an unprecedented flood, which caused the main streets in Brewton to be submerged in seventeen feet of water and the railroad tracks of defendant also were submerged, and that the damage to the sugar was the proximate result of such act of God.

Plea 3 alleged that loss was the proximate result of a flood that reached a stage seven feet higher than ever before known, and that by the terms of the bill of lading in interstate shipment, defendant was thereby exempt from liability for the damage so occasioned.

Plea 4 did not allege that it was an interstate shipment, but that upon its arrival at Brewton on the morning of March 13, 1929, defendant promptly mailed notice of its arrival, but before the notice was delivered or the merchandise removed, the flood waters reached an unprecedented stage so as to submerge and destroy the carload of sugar on its tracks in Brewton, and that the loss was an act of God and not the result of any negligence of defendant.

The demurrer to pleas 2 and 3 raised the point, among others, that the pleas do not allege that defendant used proper care and diligence in the premises. This demurrer was overruled. They made no such allegation, but plea 4 did allege that the loss was not the result of defendant's negligence.

The defendant was refused the affirmative charge, and contends that it should have been given because it is conceded in briefs for both parties that the evidence shows that the sugar was destroyed by an unprecedented flood, and contends that there was no issue as to negligence, and also that the proof shows an absence of negligence by defendant.

The authorities are abundant that when loss is *proximately* caused by an act of God, such as an unprecedented flood, which was not foreseeable, the defendant is not liable, and does not need a stipulation in its contract to that effect to be relieved of such liability, if defendant is not wanting in due care in that connection.

But such flood is not the proximate cause if defendant has notice of the danger in time to avert the loss by an exercise of the care and diligence which the circumstances and its relation to the owner demand, and it negligently fails to do so.

It is claimed that under pleas 2 and 3, there was no issue made as to defendant's negligence causing the loss, because they make no allegation of the use of diligence, and because no replication to them alleges negligence by defendant.

Counsel argue that if defendant was negligent the burden was on plaintiff to allege and prove it. They point to a distinction between the rule in the federal courts and in the Alabama courts on that subject. The federal courts hold that the burden is on plaintiff to allege and prove negligence when an act of God is the immediate cause (Memphis & C. R. Co. v. Reeves, 10 Wall. 176, 189, 19 L.Ed. 909), though the Alabama cases hold that the burden to show due diligence is on defendant, as we will show, and this being an interstate shipment the rule of the federal courts prevails. Barnet v. New York Cent. & H. R. R. Co., 222 N. Y. 195, 118 N.E. 625; Hadba v. Baltimore & O. R. Co., 183 App.Div. 555, 170 N.Y. S. 769; Continental Paper Bag Co. v. Maine Cent. Railroad Co., 115 Me. 449, 99 A. 259; Nashville, C. & St. L. R. Co. v. Camper, 201 Ala. 581, 78 So. 925; Alabama Great Southern R. Co. v. Conner, 227 Ala. 562, 151 So. 355.

The rule in Alabama, as in other state courts, is that, so long as the duty of a common carrier continues, and it is an insurer, in order to be relieved from liability for loss or injury to goods so carried, by an act of God, it must trace the loss to such act without negligence by it. Atlantic C. L. R. Co. v. Rice, 169 Ala. 265, 52 So. 918, 29 L.R.A.(N.S.) 1214, Ann.Cas.1912B, 389; Alabama G. S. R. Co. v. Quarles & Couturie, 145 Ala. 436, 40 So. 120, 5 L.R.A. (N.S.) 867, 117 Am.St.Rep. 54, 8 Ann.Cas. 308; Alabama G. S. R. Co. v. Elliott & Son, 150 Ala. 381, 43 So. 738, 9 L.R.A.(N.S.) 1264, 124 Am.St.Rep. 72.

In the case of Coosa River Steamboat Co. v. Barclay, 30 Ala. 120, Judge Stone, writing for the court, observed: "In my opinion, 'the act of God,' and the operations of nature, unmixed with human agency or human negligence are synonymous." Also, "in

thus laying down my views of the law it is not my purpose to shift the onus, or to relieve carriers from the strict diligence required of them in the older authors. To render the excuse valid, not only must the carrier trace the loss or injury immediately to the operations of nature, but must also convince the jury that such loss or injury resulted from inevitable necessity, 'which no human prudence could foresee or prevent.' "

■ While there was in that case some difference between him and Rice, C. J., it is shown in the case of Steele v. McTyer's Adm'r, 31 Ala. 667, 676, 70 Am.Dec. 516, and in Steele v. Townsend, 37 Ala. 247, 256, 79 Am.Dec. 49, that there was no difference as to the burden of proof as declared by Judge Stone. It is said in the latter case: "The true view is, not that the carrier discharges his liability by showing an act of God, and is then responsible, as an ordinary agent, for negligence; but that the intervention of' negligence breaks the carrier's line of defense by showing that the injury or loss was not directly caused by the act of God, or, more correctly speaking, was not the act of God." And when a loss is sustained to goods in the possession of a carrier, though its common-law liability as an insurer does not apply, whether by contract or otherwise, and it is liable only for its negligence, the burden is on the carrier to show that it used due care and diligence. Louisville & Nashville R. Co. v. Touart, 97 Ala. 514, 11 So. 756; Louisville & Nashville R. Co. v. Oden, 80 Ala. 38; Louisville & Nashville R. Co. v. Gidley, 119 Ala. 523, 24 So. 753.

But in Memphis & C. R. Co. v. Reeves, supra, the United States Supreme Court, in respect to such a question observed: "A common carrier assumes all risks except those caused by the act of God and the public enemy. * * * Now, when it is shown that the damage resulted from this cause immediately, he is excused. * * * No question of his negligence arises unless it is made by the other party. It is not necessary for him to prove that the cause was such as releases him, and then to prove affirmatively that he did not contribute to it * * * the proof of this must come from those who assert or rely on it." The later cases are cited and the rule is recognized in Schnell v. The Vallescura, 293 U.S. 296, 55 S.Ct. 194, 79 L.Ed. 373, lately decided.

The rule declared by the federal courts must prevail when the shipment is interstate, as we have shown. But for the moment we are dealing with a question of pleading.

■ But when, as here, the plea alleges that the act of God was the proximate cause of the loss, a general denial raises the issue of whether something else was the sole proximate cause. If the intervention of negligence breaks the line of defense so that the loss is not directly caused by the act of God, such act is not a proximate cause, but the negligence is its sole proximate cause. The act of God is then only the condition on which defendant's negligence operates, and resembles the status of subsequent negligence in respect to the plaintiff's primary contributory negligence. Randle v. Birmingham Ry., L. & P. Co., 158 Ala. 532, 48 So. 114; Seaboard A. L. R. Co. v. Laney, 199 Ala. 654, 75 So. 15; Godfrey v. Vinson, 215 Ala. 166 (11), 110 So. 13; Memphis & C. R. Co. v. Martin, 131 Ala. 269 (4), 30 So. 827; Southern R. Co. v. Cooper, 172 Ala. 505, 55 So. 211.

■ If defendant had notice of the impending danger from the act of God, or if it was foreseeable, in time to have avoided the loss by such means as were then available, and neglected to use them, such neglect was the sole proximate cause of the loss, and the act of God was a remote cause. So that the allegation in the plea that the act of God was the proximate cause presents the issue of negligence after notice of the danger or negligence in not appreciating the danger, regardless of where the burden of proof exists.

■ There appears to have been no delay in carrying the goods to Brewton. There is "shown the intervention of such an extraordinary, violent and destructive agent, as by its very nature raises a presumption that no human means could resist its effect." Steele v. Townsend, supra, 37 Ala. 247, at page 256, 79 Am.Dec. 49. The flood was the highest ever known before to have occurred. There was no duty to guard against one so far in excess of all previous floods until it became apparent that it probably would become so dangerously excessive. The flood stage had never there exceeded 22.9 feet, but this one rose to 33.3 feet. A flood of the highest known, or in excess of it to a material extent, would not have destroyed or injured the goods in question. They arrived on March 13, 1929. Notice was promptly mailed, but not received until the flood came the next day. By night, March 14, the waters were up. The

car in question was moved to a higher level. The forecast then made by the meteorologist was that the flood would there reach a stage of 23 to 24 feet, and no forecast of a higher stage was at any time made. That would not be dangerous to this car of sugar. The rise was then very rapid and at night. Every one was apparently taken by surprise and was helpless. When it became evident that the car might be submerged, nothing could be done. In 1928, when the highest previous flood had occurred, the water on the tracks at the depot was eight to twelve inches deep. Such a flood would not have damaged this car of sugar. It was safe against any flood which was known ever to have occurred or which was then predicted by the meteorologist or reasonably then anticipated.

As was said in Smith v. Western Ry. of Alabama, 91 Ala. 455, 8 So. 754, 11 L.R.A. 619, 24 Am.St.Rep. 929, so in this case: "No human power could have stayed the flood, or foresight or prudence anticipated such an overflow. * * * It is no proof of negligence that because after an injury has resulted it can then be seen how the injury might have been avoided. The question is, what notice or knowledge had the defendant, from which such an overflow could reasonably have been anticipated or foreseen?" As was held in that case, we think the undisputed evidence shows that defendant in this was entitled to the general charge, since it shows that it was not negligent either in not foreseeing the danger or in not avoiding it after it became apparent, and that the damage did occur as the proximate result of an act of God. Such was also the case of Memphis & C. R. Co. v. Reeves, supra.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.