# Louisville & Nashville Railroad Company v. Gidley.

*Action Against Common Carrier for Loss of Freight by Fire.*

1. *Delay in shipment of freight, when negligence.*—A common carrier received freight, not perishable, about noon Saturday, at Gadsden, Alabama, for shipment to Phailadelphia, under a contract which guaranteed through rates, and limited the carrier's liability to due care and reasonable diligence in protecting the property from loss by fire; the goods were received in time for shipment on the same day over a line connecting with defendant's road five miles from Gadsden, but the goods were held for shipment over defendant's usual route via Calera, Alabama, on Monday morning following, no train running on Sunday: *Held*, that as matter of law, defendant was not justified in delaying the shipment, and its failure to ship on the day the goods were received rendered it liable for the loss of the goods by fire before shipment.

2. *Plea denying undue delay, what sufficient.*—In an action against a common carrier for loss of freight by fire, a plea averring that before any train passed or should have passed in the direction it should have been shipped, it was burned without fault of defendant, etc., is not demurrable, because it does not show a contract to ship in any particular direction, nor in what direction. it was to be shipped.

3. *Limiting carrier's liability by contract.*—A common carrier cannot, by contract, exempt itself from reasonable care and diligence in the transportation of freight, but provisions exempting it from loss by fire, and the like, are construed to relieve the carrier from absolute liability, as at common law, and impose on it the burden of showing that it used due care and reasonable diligence to prevent the loss.

4. *"Satisfy" in charge.*—As often adjudicated, an instruction requiring the evidence to "satisfy" the jury is erroneous in exacting too high degree of proof.

[Louisville & Nashville Railroad Company v. Gidley.]

APPEAL from Etowah Circuit Court.

Tried before Hon. J. A. BILBRO.

The cause of action sued on and the facts of the case are stated in the opinion. The defendant pleaded the general issue and the following special plea: No. 2, "For further answer defendant says that it did receive the leather, as averred in said complaint, to be transported and delivered as averred therein. That on the receipt of said leather it gave the plaintiff a bill of lading showing the receipt of the same, which said bill of lading was taken and accepted by plaintiff, and in which said bill of lading was a clause exempting this defendant from liability, from loss by fire occurring while said leather was in transit or in depot awaiting transit. That said leather was received about noon of the ——day of July, 1895, and was taken and kept by defendant in its depot under due care for shipment, and that before any train passed or should have passed in the direction which said leather should have been shipped, that the depot of defendant in which it was stored awaiting shipment was burned without any fault or negligence on the part of defendant. That defendant was without fault in storing and keeping said leather, and said fire occurred at night, and consumed said leather before it could by due care or prudence have been preserved. Wherefore, defendant says it is not liable for loss of the same, and of this it puts itself on the country." To this plea the court sustained a demurrer upon the following grounds: "1. The plea fails to allege that the leather burned might not by reasonable care and diligence have been shipped forward before the breaking out of the fire. 5. It does not show that the contract was to ship the leather in any particular direction. 6. It does not allege the direction in which the leather was to be shipped." Defendant filed an amended plea, not necessary to set out. At the request of the plaintiff the court gave to the jury the following written charges: (1.) "The court charges the jury that the burden is on the defendant to show that the leather was destroyed without negligence or want of due care on the part of the defendant and its employees, and if the jury are not satisfied, from the evidence, that due care and diligence were used by said defendant and its employees, and because of such want of care and diligence such destruc-

[Louisville & Nashville Railroad Company v. Gidley.]

tion occurred, they will find for plaintiff." (2.) "The court charges the jury that it is for the railroad company to prove to the reasonable satisfaction of the jury that the loss occurred notwithstanding the fact that company and its employes used due care and diligence, and if the jury, after considering all the evidence in this case, are not reasonably satisfied that the company and its employes did use such care and diligence, the verdict will be for the plaintiff." (3.) "The court charges the jury that the burden is on the defendant to show that the leather was destroyed by fire, and such destruction occurred without negligence or want of due care on the part of defendant and its employes, and if the jury are not so satisfied, from the evidence, then they will find for the plaintiff." (4.) "The court charges the jury, that if reasonable care of the goods required the watching of the depot, and the railroad failed to have a sufficient watch to preserve the goods from loss, plaintiff is entitled to recover in this case, if he has satisfied the jury that he delivered the goods to the railroad to be transported for a reward, and they were destroyed by fire and not delivered, and the value of the goods has been shown." The court, at the request of the defendant, gave the following written charges to the jury: (C.) "The court charges the jury that the law did not require the defendant to inform Gridley of the route over which it would ship the leather, and if Gridley did not give the defendant instructions over which route to ship the leather, then the law gave the defendant the right to ship the leather over the usual and customary route the defendant used to ship goods from Gadsden to Philadelphia, if such route was reasonable and prudent." (D.) "The court charges the jury, if the jury believes, from all the evidence, that defendant held the leather for shipment by its usual and customary route for shipping freights to Philadelphia, and that such arrangement for shipment was reasonably prudent, and if the jury believes, from the evidence, that defendant exercised reasonable care and diligence in keeping it for such shipment, then plaintiff is not entitled to recover, and the jury must find for the defendant." There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as errors, among others, the several rulings of the trial court above set out.

BURNETT & CULLI, for appellant, cited, *L. & N. R. R. Co. v. Touart,* 97 Ala. 514; *L. & N. R. R. Co. v. Oden,* 80 Ala. 38, 43; Hutchinson on Car. 312; 2 Rapalje & Mack's Dig., p. 32, §46 *et seq.; Ib.,* p. 73, §152 *et seq.; Reid v. Evansville R. R.,* 53 Am. St. Rep. 391; *Western Ry. v. Mutch,* 97 Ala. 196; *K. C. M. & B. R'y Co. v. Watson,* 91 Ala. 483; 16 Am. & Eng. Encyc. of Law, 428 *et seq.*

DORTCH & MARTIN, *contra,* cited, *L. & N. R. R. Co. v. Touart,* 97 Ala. 514; *A. G. S. R. R. Co. v. Burgess,* present term; Hutchinson on Car. 312; *Merchants' Dispatch Co. v. Kahan,* 76 Ill. 520.

COLEMAN, J.—The appellee sued the appellant to recover damages for the loss of two lots of leather received by it, as a common carrier, from plaintiff, to be delivered to certain parties in Philadelphia, the contract being evidenced by the bill of lading of the defendant. The leather was delivered at Gadsden, Ala. The defendant railroad company had a short line, of five miles in length, running from Gadsden to Attalla, but extending no farther, and the train on this short line left Gadsden at 4:30 p. m. of each day. The Alabama Great Southern Railroad passed Attalla going northward. The defendant railroad had a line running from Gadsden south to Calera, leaving the former point at 9:30 a. m. daily, except Sunday, and there connecting with its main line going north. This was the usual route for the transportation of freight north. The leather was delivered at about noon on Saturday, after the train had left for Calera, but before the train left for Attalla. The leather was burned on Saturday night. The bill of lading guaranteed "through rates," and the shipper gave no directions as to the route of shipment. One of the principle questions involved is whether the defendant could be charged with negligence, under the facts and terms of the contract, for failing to ship the leather via Attalla on the 4:30 p. m. train. The writer is of the opinion that the defendant had the right to transport the leather over its usual route, and was not guilty of any neglect of duty in storing the leather for its next freight train south to Calera. It is the opinion of the court, however, under the facts

of the case, and which are not controverted, that, as matter of law, the defendant was not justified in keeping the goods for the next freight train of defendant, which did not leave Gadsden for Calera until Monday morning—there being no freight train run on Sunday —and its failure to ship the leather to Attalla at 4:30 p. m. on the day received render it liable for the loss which occurred by the fire. Leather is not perishable, nor subject to damage by reason of such short delay. The parties must have contemplated the shipment of the leather over the accustomed route for carrying freight north by the defendant.—Hutch. Car. 312. It must be understood, however, that the principle is limited to cases which involve no unreasonable delay or risk, or increase of cost of transportation. We think that charges (c) and (d) given by the court expressed the law correctly. The court is of the opinion that the demurrer to the second plea, upon the grounds taken, should have been overruled.

As the case must be reversed for other reasons than the one stated, we deem it improper to discuss the evidence relative to the cause of the fire which destroyed the building in which defendant stored the goods for shipment, and the care and diligence used to preserve the leather from destruction by fire. The bill of lading, among other things, contained a clause exempting it from loss by fire "while in depot or place of reception." The rule is that a common carrier, by contract, cannot exempt itself from the exercise of reasonable care and diligence, but all such provisions are construed to relieve the common carrier from absolute liability, as it would be under at common law, and impose upon it the burden of showing that it used "due care and reasonable diligence" to prevent the loss, or accident which caused the loss.—*L. & N. R. R. Co. v. Touart,* 97 Ala. 514, and authorities; *Same v. Oden,* 80 Ala. 38.

The first charge given for plaintiff exacted too high a degree of proof. We have had occasion to construe the word "satisfy," when used in an instruction to a jury, and all such charges have been condemned.— *Torrey v Burney,* 113 Ala. 496. This rule has been followed in many subsequent adjudications. Charge 3 given for plaintiff is subject to the same criticism. Charge 4 given for plaintiff imposed too great a burden

[Louisville & Nashville Railroad Co. v. Brinkerhoff & Co.]

upon the defendant. It required of the defendant "to keep a sufficient watch to preserve the goods from fire." This charge deprived the defendant of all the benefit derived from the fire-exemption clause. By the contract, the defendant was required to exercise due care and diligence. The charge imposed a liability absolutely upon the defendant, if the goods were destroyed by fire. The question is not whether there "was sufficient watch to preserve the goods," but whether the care and diligence observed to preserve the goods or prevent the fire were reasonable, under all the circumstances. What we have said will be sufficient on another trial. Reversed and remanded.

COLEMAN, J.—Dissenting upon the proposition that, as matter of law, the retention of the goods for shipment via Calera, upon its next train, devolved a liability upon defendant. At most, under the facts, the question of negligence should have been left to the jury.

*Action Against Common Carrier for Failure to Deliver Goods.*