# Alabama Great Southern Railway Co. v. Elliott & Son.

*Damages for Loss of Goods.*

(Decided April 20, 1907.   43 So. Rep. 738.)

*Carriers; Carriage of Goods; Delay in Transportation; Loss Through Act of God; Liability of Carrier.*—A shipment of flour delivered to the carrier to be forwarded to point of destination was delayed four days at point of shipment. It arrived at point of destination upon a certain day and at one o'clock on that day a notice of its arrival was given to consignee. About one o'clock A. M. on the following day a cyclone damaged the goods. Held, that since the negligence resulting in the

[Alabama Great Southern Railway Co. v. Elliott & Son.]

delay at point of shipment continued to be an active cause of the damage until the consigne had a reasonable time after the arrival of the goods within which to remove them, the carrier was liable for the damage.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Action by J. A. Elliott & Son against the Alabama Great Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

DEGRAFFENRIED & EVINS, and C. E. WALLER, for appellant.—No case we have been able to discover holds the carrier liable where the negligence complained of was not actively existing at the time of the occurrence of the act of God from which the injury was directly caused. Where the act of negligence was ended before the destruction of the property a plea that it was destroyed by an act of God presents a perfect defense to the action.—*Denny v. N. Y. Cent. Ry. Co.*, 13 Gray (Mass.) 486; *R. R. Co. v. Reeves*, 10 Wall. 176; *Morrison v. Davis*, 20 Pa. St. 171; *Mich. Cent. R. R. Co. v. Burrows*, 33 Mich. 15; *Ballantine v. Daniels*, 23 Ohio St. 532; *Lamont v. N. & C. R. R. Co.*, 56 Tenn. 58.

THOMAS E. KNIGHT, for appellee.—In order to justify a defendant is under the necessity of showing that the loss occurred by reason of the act of God or the public enemy.—*A. G. S. R. R. Co. v. Quarles, et al.*, in MS.; *Gray's Executors v. Mobile Trade Co.*, 55 Ala. 387. And in addition thereto and as a condition precedent towards its exoneration the carrier must show that it was free from fault or free from negligence.—*L & N. R. R. Co. v. Oden*, 80 Ala. 38; *L. & N. R. R. Co. v. Gidley*, 119 Ala. 523; *L. & N. R. R. Co. v. Towart*, and authorities supra. In any event, the defendant had the full benefit of this defense under the general issue and under its special plea 13.—*L. & N. R. R. Co. v. Hall*, 131 Ala. 169; *U. S. F. & G. Co. v. Habil*, 138 Ala. 348; 80 Ala. 421; 36 Ala. 140; 34 Ala. 513.

[Alabama Great Southern Railway Co. v. Elliott & Son.]

SIMPSON, J.—This was an action for damages resulting from the failure to deliver part of a certain lot of flour and delivering another portion of the same in a damaged condition. The assignments of error relate entirely to the ruling of the court on certain demurrers to pleas, and the facts, as set out in the pleading, are that the flour was delivered to the Louisville & Nashville Railroad Company at Evansville, Ind., to be carried to the plaintiff at Moundville, Ala., a place of about 150 inhabitants, on the line of the defendant company. Said flour was delivered to the defendant company, at Birmingham, Ala., on the 17th day of January, 1904, and by it shipped out from Birmingham on the 21st day of January. It reached Moundville, in the same condition as received, on said 21st day of January, at 1 o'clock p. m., and notice was sent to the plaintiff of its arrival; but on the morning of the 22d of January, at 1 o'clock, a violent cyclone swept over the country and caused the damage complained of.

The only question presented by the assignments and briefs of counsel, is whether or not, admitting the delay at Birmingham, the defendant is liable on account of the damage done by the act of God, to-wit, the cyclone at Moundville, 12 hours after the goods reached said destination. In a recent case before this court, where the carrier to which the goods were delivered for shipment retained the same in its possession, without shipment, for a period of 11 days, and on the eleventh day said goods were practically destroyed by a cyclone, this court, recognizing the fact that there is a serious conflict in the decisions of other states, placed itself in the column of those holding the carrier liable.—*Ala. Great So. R. Co. v. Quarles & Couturie*, 145 Ala. 436, 40 South. 120, 5 L. R. A. (N. S.) 867. It will be noted that the facts in this case are not identical with those in the case just cited, in that, in that case, the cyclone occurred while the carrier was in default, to-wit, during the delay, so that the delay and the cyclone were concurring causes. This court said: "When there is an unreasonable delay on the part of the carrier in forwarding the goods, and they are destroyed by the act of God during

this delay, he is not excused, for the reason that it was by his fault that they were exposed to the peril.—Page 121, column 2, of 40 South. (5 L. R. A. (N. G.) 867). Again, in commenting on a Massachusetts case holding otherwise, though not considered strictly analogous, we said: "It cannot be held to have approved the proposition that a defendant, when liable as an insurer, being at fault at the time of the act of God caused the loss, could invoke that act as a defense."—Page 122, column 1, of 40 South. (5 L. R. A. (N. S.) 867). In the case of *L. & N. R. R. Co. v. Gidley,* 119 Ala. 523, 24 South. 753, also the leather was destroyed by fire while it was being unlawfully detained in the warehouse of defendant. Also, in the leading case on the side of liability, the goods were overtaken by a flood while being improperly detained at Albany.—*Michaels v. N. Y. C. R. R.,* 30 N. Y. 564, 86 Am. Dec. 415. The recent case of *Bibb Broom Corn Co. v. Atchison, T. & S. F. R. Co.,* 69 L. R. A. 509, 94 Minn. 269, 102 N. W. 709, 110 Am. St. Rep. 361, holding in line with our decision, also emphasizes the fact, stating: "The rule that permits a carrier to excuse his negligence by an act of God, overtaking him while thus in fault, seems to us unsound."— Page 512, column 2, of 69 L. R. A., page 275 of 94 Minn., page 711 of 102 N. W. (110 Am. St. Rep. 361). Also: "If a loss occurs while his wrongful act is in operation and force, and which is attributable thereto, he should be held liable."—Page 512, column 2, of 69 L. R. A., page 276 of 94 Minn., page 712 of 102 N. W. (110 Am. St. Rep. 361). So, in the case of *Wald v. Pittsburg, etc., R. R. Co.,* 162 Ill. 545, 44 N. E. 888, 35 L. R. A. 356, 53 Am. St. Rep. 332, where the passenger's trunk, in place of being sent on the train with him, was detained and sent on another, which was caught in the Johnstown flood, this was treated as a deviation, and, as the act of God occurred during the deviation, the company was held responsible.—Page 338 of 53 Am. St. Rep. In the case of *So. Pac. Co. v. Boothe, et al.,* (Tex. Civ. App.) 39 S. W. 585, the goods were transported by a different route from that over which they were shipped, and in consequence of the deviation the

consignee failed to receive notice of their arrival. The plaintiff sued in trover (the carrier having sold the goods because of the refusal of the consignee to receive them). The court denied the recovery, holding that the consignee should have received them, and would have been entitled to recover compensation for the difference in the value between the time when he should have received the notice and the time when he did receive it. In the case of *Mich. C. R. R. Co. v. Curtis,* 80 Ill. 324, the fruit trees were shipped from Rochester, through Chicago, to various points beyond, were delayed about 11 days at Chicago, and were frozen when received. The railroad company was held liable, the court saying: "They did not have the right to delay unreasonably the delivery of the trees, until they would inevitably be destroyed in the hands of the next carrier, and then be heard to say that they were destroyed in the hands of the company into whose hands they passed them for ultimate delivery" (page 327) ; also the "the jury were fully warranted in finding that it occurred (that is, the freezing) in Chicago, or at least in part, before leaving there," etc. (page 330). So it will be seen that this case is not analogous to the present one, as the freezing was a natural cause which might have been anticipated, and the jury were authorized to find that it actually occurred during the delay. It certainly did occur during the transportation. In the third edition of Hutchinson on Carriers numerous cases, pro and con, on the question of liability in this class of cases, are cited, including our own case of *Ala. Great Southern Railroad Co. v. Quarles & Couturie* (see sections 297-308, inclusive), and in all of those holding the carrier liable the act of God occurred while the delay "continued and was operative," so that the two were concurrent causes.

The appellant insists that under the influence of this class of decisions, the negligence having passed, the same could not be said to concur with the act of God. This court holds that the negligence, resulting in the delay at Birmingham, continued to be an active cause until the plaintiff had had a reasonable time, after the

25 R

arrival, within which to remove the goods. Hence the causes were concurring, and the defendant cannot claim that the cyclone was the only proximate cause.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.