# Central of Ga. Ry. Co. v. Burton.

## Loss of Goods by Fire.

(Dcided Feb. 10, 1910.   51 South. 643.)

1. *Carriers; Goods; Bill of Lading; Construction.*—The provisions in the bill of lading stipulating against liability for loss or damage by causes beyond the control of the carrier or by floods or fire, relieve the carrier from the liability of an insurer, with familiar exceptions, and limited its liability to loss or damage on account of its negligence.

2. *Same; Loss; Burden of Proof.*—In order to exempt it from liability under the stipulations in the bill of lading, the burden was on the carrier to show that the loss or damage to goods in shipment was without fault or negligence on its part.

3. *Same; Termination of Relation.*—Construing the provisions of section 6137, Code 1907, in the light of the facts showing the population of the station, it is held that there was no primary duty on the defendant to give notice of the arrival of the goods to the consignee, in order to terminate the strict liability of the carrier, unless a proper custom to do so prevailed at the point of destination.

4. *Same; Reasonable Time.*—In the absence of a statute or custom to the contrary, a time from Friday at 3:00 P. M., until Monday at 1:45 A. M., is not a reasonable time for their removal by consignee so as to terminate the liability of the defendant as carrier.

5. *Same; Notice of Arrival.*—Section 4224, Code 1896, while in force did not put upon the carrier the duty to notify the consignee, but merely fixed the time for the termination of the strict liability of the carrier when its terms had been complied with.

6. *Carriers; Custom.*—A custom of a carrier of giving notice of the arrival of goods does not have the effect of imposing the positive duty to give such notice but merely affect the time of the termination of the liability of the carrier as such.

7. *Same; Damage; Jury Question.*—Evidence that there was no fire left in the depot where the goods were, and that the place was fastened up, is sufficient to negative the negligence of the carrier so as to put it to the jury to determine whether or not the carrier was negligent in the loss of goods by fire.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Y. L. Burton against the Central of Georgia Railway Company for destruction of goods by fire. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The facts are sufficiently stated in the opinion of the court. The replications referred to in the opinion are as follows: "(1) That it was the practice of the defendant, and had been for a great many years, to notify the consignee of the arrival of freight in the town of La Fayette, which said practice had become a custom; and plaintiff avers that defendant did not give him any notice of the arrival of the goods mentioned, and he had no notice that they had arrived until after they had been destroyed by fire, and the loss of said goods was caused by the negligence of the defendant in failing to give plaintiff notice of the arrival of said goods. (2) That at the time of the arrival of said goods the town of La Fayette was a town of 2,000 or more population, having a daily mail service, and the plaintiff did not receive any notice of the arrival of the said goods, and the loss of said goods was caused by the negligence of the defendant in failing to give plaintiff notice of the arrival of same." These replications were filed to pleas 2 and 3, which in substance allege the provision in the bill of lading as set out in the opinion, that the goods were safely transported to La Fayette, unloaded from the cars, placed in a warehouse, and there held ready for delivery to plaintiff for a reasonable time for the removal thereof, and that said goods were destroyed by fire along with the warehouse.

[Central of Ga. Ry. Co. v. Burton.]

GEORGE P. HARRISON, and E. M. OLIVER, for appellant.—The replication was no answer to the pleas, and demurrers should have been sustained to them.—*L. & N. v. Johnson,* 135 Ala. 232. As to the burden of proof, see *Higdon v. Carmody,* 112 Ala. 262; *Y. & M. V. R. R. Co. v. Hughes,* 47 South. 662; 5 A. & E. Ency. of Law, 360. The evidence was such that the court erred in giving the affirmative charge.

STROTHER, HINES & FULLER, for appellee.—The custom of the defendant to notify and their negligence and unreasonable delay in notifying of the arrival of the goods, and the fire, were concerning causes, rendering the defendant liable.—*A. G. S. v. Quarles,* 145 Ala. 436; *A. G. S. v. Elliott,* 150 Ala. 381. A railroad company cannot contract against its own negligence.

McCLELLAN, J.—In the bill of lading issued for the consignment for the loss of which, by fire, this action was brought, it was stipulated, in consideration of reduction in freight rate, that "no carrier or party in possession of all or any of the property herein described, shall be liable for any loss thereof or damage thereto by causes beyond its control; or by floods or by fire. * * *" The acceptance of the contract containing that stipulation—the stipulation being valid—operated to relieve the defendant (appellant), as a common carrier, from the exacting liability of an insurer, with familiar exceptions, of the goods, and to limit the liability for loss or damage to the goods while in the course of transportation and delivery by the common carrier, as such, to negligence of the common carrier, as such, proximately resulting in its loss or damage. That the loss or damage occurring was without fault or negligence of the carrier is matter of exoneration, exceptional, to aver

and to sustain which in the proof is the burden of the carrier. These propositions are settled in the following decisions, among others: *Steele v. Townsend,* 37 Ala. 247, 79 Am. Dec. 49; *L. & N. R. R. Co. v. Oden,* 80 Ala. 38; *Mouton v. L. & N. R. R. C.,* 128 Ala. 537, 29 South. 602; *L. & N. R. R. Co. v. Touart,* 97 Ala. 514, 11 South. 756; *L. & N. R. R. Co. v. Cowherd,* 120 Ala. 51, 23 South. 793; *Grey v. Mobile Trade Co.,* 55 Ala. 387, 28 Am. Rep. 729. See, also, 6 Cyc. pp. 392, 393, and notes. The stipulation involved in *Central of Ga. R. R. v. Merrill,* 153 Ala. 277, 45 South. 628, was against all liability; whereas, the stipulation above quoted particularizes certain causes of loss or damage that do not necessarily involve negligence of the carrier.—6 Cyc. supra.

When the relation of common carrier, as such, to the consignment ceases, and the relation thereto becomes that of a warehouseman, has been so often stated here as to render restatement at this time entirely unnecessary. In 5 May. Dig. p. 178, and 2 May. Dig. pp. 640-642, may be found many of our decisions announcing the rule.

With reference to the termination of the relation of common carrier, as such, to a consignment, the effect of our statute (Code 1896, § 4224; Code 1907, § 6137) is to divide delivery points into two classes, viz., those without and those within the statute. Under the statute as written in the Code of 1896, the relation of common carrier, as such, continues in towns or cities of 2,000 population or more, and having a daily mail, "unless within twenty-four hours after arrival of such freight notice thereof is given the consignee, formally or through the mail. * * *" In the latter codification (1907) the provision with respect to population is omitted. Otherwise the statute is now the same. The rela-

tion of the defendant to the consignment here involved
is affected by the former statute. If La Fayette, the
point of destination, had the requisite population, and
a daily mail, of course the statute applied to continue
the relation as common carrier, unless the notice pro-
vided for was given. On the other hand, if these condi-
tions to the application of the statute did not exist, then
here was no primary duty on the defendant to give no-
tice of the arrival of the goods, with the effect to ter-
minate the exacting liability of a common carrier, un-
less a proper custom to the contrary then prevailed with
respect to consignments at La Fayette.—*Columbus &
Western Ry. Co. v. Ludden & Bates,* 89 Ala. 612, 7
South. 471. If an effective and applicable custom did
not then prevail, the ordinary and often declared rule
must be appealed to to determine the question of ter-
mination vel non of the liability of the carrier as such
to these goods. It cannot be held as a matter of law,
considering the status as not controlled by the statute
mentioned before, that from 3 p. m. Friday to 1:45 a.
m. Monday was a reasonable time in which the con-
signee could have removed the goods. In *C. & W. Ry.
Co. v. Ludden & Bates, supra,* "three days" was ruled to
have been, in that case, a reasonable time for removal.
Here "three days" did not elapse between the time when
the goods were ready for delivery and when they were
burned. While not intending to hold inexorably that
Sunday may not be computed in determining when the
reasonable time for removal of consignments has elaps-
ed, as affecting the termination of the exacting liability
of carriers, yet, in this case, in view of the public policy
with respect to the Sabbath, read from our statutes on
its observation, we do not think the period indicated,
including the Sabbath, was reasonable for the removal
of these goods. In short, the opinion is entertained that

the relation of the defendant to this consignment was that of a common carrier, as such, unless the statute, in this instance, operated; and so, regardless of the alleged custom of giving notice of arrival of shipments at La Fayette. Under this contract of affreightment, assuming that the defendant's liability for the goods was that of a common carrier, and not as a warehouseman, the plaintiff could not recover unless negligence of the defendant infected the burning of the goods. As before stated, the burden was on the defendant to allege, and sustain, in the proof, this negation of its negligence. Aside from possible full proof of pleas essentially faulty under the principles before announced, the defendant, by the evidence introduced, undoubtedly so far lifted the burden resting on it to negative its negligence as to require the jury's determination of that issue. It was shown that there was no fire left in the depot, in which these goods were, by defendant's agents from which the fire later occurring could have started. The place was fastened up. The jury's province it was to say whether these precautions met the obligation of ordinary care and prudence resting on the defendant. A detailed discussion of this phase of the case will be omitted since another trial is to be had.

The gist of the replications, as we construe them, is that negligence infected the destruction of these goods, in this, that no notice of their arrival was given the consignee. The replications will be set out in the report of the appeal. Since the action, stated in the Code form (Civil Code, p. 1197, form 15), is ex contractu, it is a question whether these replications are not a departure in afterpleading. This inquiry is not, however, raised or decided. The statute (section 4224, supra) was not intended to lay upon the carrier an imperative duty to notify the consignee, in a city or town within

its conditions, of the arrival of the consignment. The whole effect and contemplated purpose of the statute was to affect the relation of the carrier to the consignment. The notice therein provided was to prevent the determination of the more exacting liability of the common carrier until the notice stipulated should be given. It was not the intent of the statute to create a substantive duty. It merely and only conditioned the termination of the severer liability upon defined acts. If the carrier desired to continue under the stricter liability, it had the right to do so by omitting to avail itself of the statute's privilege. So much for replication 2.

Replication 1 would ground a breach of duty upon a custom to give the notice described. The pleading must be construed most strongly against the pleader. So viewed, it cannot be held that the custom described had any greater effect that to affect the relation of the carrier to the consignment—to modify the liability from that of common carrier, as such, to that of a warehouseman, if the custom, in respect to the notice, was observed; if not observed, that the stricter accountability should continue. Plaintiff's counsel seem to have based both replications upon the principle announced in the line of decisions to which *L. & N. R. R. Co. v. Gidley,* 119 Ala. 523, 24 South. 753; *A. G. S. R. R. Co. v. Quarles,* 145 Ala. 436, 40 South. 120, and *Alabama & G. S. R. Co. v. Elliott,* 150 Ala. 381, 43 South. 738, 9 L. R. A. (N. S.) 1264, 124 Am. St. Rep. 72, among others, belong. In this line of cases dereliction in some substantive duty concurred with an occurrence, the act of God, for instance—for which the carrier was not accountable—in producing the loss or damage complained of. The principle cannot avail this plaintiff, unless it can be affirmed that a failure to give the notice, sanctioned, it is alleged, by the custom, was a breach of a substative du-

ty. We have indicated that that view cannot be approved on the pleading here, if at all—an inquiry we are not now invited to decide.

For the error committed in giving the affirmative charge for the plaintiff, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.