[Barron v. Mobile & Ohio Railroad Co.]

# Barron *v.* Mobile & Ohio Railroad Co.

## *Failure to Deliver Freight.*

(Decided Nov. 16, 1911. 56 South. 862.)

1. *Carriers; Destruction of Freight; Liability.*—When uninfluenced by a special contract, a carrier's undertaking to deliver goods to a particular destination is one of insurance against loss or damage except such as may be occasioned by an act of God, the public enemy, or through fault of the owner or his agent.

2. *Same; Burden of Proof.*—When a shipper shows that the goods were not delivered at destination, he carries the burden cast upon him; and the carrier, in order to relieve itself then has the burden of showing that the loss was on account of the fault of the owner or his agent, or because of an act of God or the public enemy.

3. *Same; Limiting Liability.*—A carrier may, by special contract, limit and qualify its liability as an insurer of goods, if done within the limits allowed by public policy and the considerations of right and justice.

4. *Same; Stoppage en Route; Carrier's Liability.*—Where a carload of lumber was shipped under a waybill providing for stoppage en route, and the delivery of the carload of lumber to a planing mill to be planed, and then shipped to destination, and the lumber was burned while in the planing mill, it was then in possession of the owner or his agent, the planing mill, and the carrier's liability terminated for the time being, and it was not liable for the destruction of the lumber without its fault.

5. *Evidence; Bill of Lading; Ambiguous Terms.*—Where a bill of lading for a carload of lumber contained the terms as part of the address "C/O Harder for dressing, Tuscaloosa, Alabama," parol evidence was permissible to explain the same as it was ambiguous.

6. *Same; Conclusion.*—Questions as to the possession of the lumber after delivery to the planing mill, calling as they did for a collective fact, were not objectionable as calling for an opinion or conclusion of a witness.

7. *Custom and Usage; Contract; Evidence.*—Where a contract for the transportation of lumber provided for stoppage en route for dressing and the lumber was destroyed by fire while in the planing mill, evidence touching the general custom in shipping lumber when dressing in transit arrangements are allowed, was admissible, not for the purpose of varying or changing the contract, but to enable the court to arrive at the real meaning of the parties who are presumed to have contracted in conformity to the established usage.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by W. B. Barron against the Mobile & Ohio Railroad Company for failure to deliver a carload of lumber. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint sufficiently appears in the opinion. The following are the pleas referred to: (1) "That at the time the car of lumber, which is the subject of this suit, was delivered to it by the plaintiff, the defendant was instructed and directed by plaintiff to stop the said car at the mill of the Harder Planing Company, which was located near the city of Tuscaloosa, and near the defendant's right of way, and to deliver the same to the said Harder planing mill for 'dressing; that in complance with said plaintiff's request and instruction the lumber was stopped and delivered to the Harder planing mill for dressing, and while said car was in the charge of the Harder planing mill for dressing the plant of said Harder planing mill, without fault of the defendant, caught fire and destroyed the said car of lumber; that the defendant company was not interested in the said Harder planing mill, and that all charges for the dressing of said lumber were to be paid by the plaintiff, or the consignee, to the said Harder planing mill; and that the dressing of said Harder planing mill was for the benefit of the plaintiff. Wherefore the defendant accepted the lumber sued for upon the express agreement that it would temporarily surrender the possession to the plaintiff or his agents at the Harder planing mill, near Tuscaloosa, Ala., for the purpose of having same dressed; and the defendant avers that, in compliance with said agreement, it did deliver said lumber to the plaintiff, or his agent, at the said Harder planing mill, and that, while said lumber was in plaintiff's possession, or the possession or

control of his agents, it was destroyed by fire, without any fault on the part of the defendant. Hence the defendant says it is not liable." The fifth plea was the general issue.

The following special charges were refused to the plaintiff: (A) "The court charges the jury that the Mobile & Ohio Railroad Company would not be free from fault in the destruction of the lumber by fire if, after discovery of the fire, it negligently failed to remove said lumber from the plant of the Harder planing mill." (B) "The court charges the jury that, if you believe the evidence, the relation of common carrier and shipper was in existence between the defendant and the plaintiff at the time said car of lumber was destroyed by fire." (C) "The court charges the jury that the defendant has not set up in defense of this suit any special exemption or agreement, contained in the bill of lading introduced in evidence in this case." (D) "The court charges the jury that there is no evidence in this case that the plaintiff relieved the defendant of any liability arising from the destruction of the said car of lumber during transit from Brent, Ala., to Cairo, Ill." (E) Affirmative charge for plaintiff. (F) "The court charges the jury that if you believe from the evidence that the fire was caused without negligence on the part of the defendant, but you further believe from the evidence that after the discovery of the said fire the defendant failed to exercise all efforts to save the said car from destruction by fire, you will find for the plaintiff." (G) "I charge you that under the evidence in this case, all being considered, you may find that the car of lumber was in the joint possession of the Harder planing mill and the Mobile & Ohio Railroad Company." (H) "I charge you that, if you

believe from the evidence that the car of lumber was in the joint possession of the Harder planing mill and the Mobile & Ohio Railroad Company, then your verdict must be for the plaintiff."

FULLER & WHITE, and LOGAN & LOGAN, for appellant. Notwithstanding a special contract, the carrier is liable unless the loss of damages came within one of the special exceptions, and unless such special exceptions was specially pleaded and proven.—*R. R. Co. v. Odom,* 80 Ala. 43; *Harwell's case,* 91 Ala. 340; *Little's case,* 71 Ala., 611; *A. G. S. v. Quarles,* 145 Ala. 436. The common carriers' liability as such continues until the goods have reached their destination.—*Western T. Co. v. Newhall,* 76 Am. Dec. 760; 6 Cyc. 454. The evidence introduced as to custom, and as to the terms of the bill of lading were improperly admitted.—*Boone & Co. v. Belfast,* 40 Ala. 184.

OLIVER, VERNER & RICE, for appellee. The carrier's risk ends, if the consignee assumes the control of the goods before they have arrived at destination.—3 Hutch. on Carriers, 1501 and 1608; *Stone v. Waite,* 31 Me. 409. The term was ambiguous and open to explanation by parol evidence.—*Wilkerson v. Williams,* 76 Ala. 163; *Cox v. Peterson,* 30 Ala. 608; *Scott v. Bartlett,* 25 N. E. 826. Testimony as to collective fact is admissible.— *Higdon v. Kennemar,* 112 Ala. 351; *Wright v. The State,* 136 Ala. 145.

DE GRAFFENRIED, J.—The plaintiff in the court below brought this action against the Mobile & Ohio Railroad Company to recover damages for failure to safely transport and deliver to J. R. Perkins Lumber Company, at Cairo, Ill., a car of lumber. It was un-

controverted that this car of lumber was delivered by the plaintiff to the defendant, as a common carrier, at Brent, Bibb county, Ala., for delivery at Cairo. Upon receipt of this shipment, the transportation company executed and delivered to the consignor its through bill of lading. It was also an admitted fact that this car of lumber was never delivered, and never in fact reached the point of destination. The lumber was destroyed by fire, in the burning of the plant of the Harder planing mill at Tuscaloosa, Ala.

While the first count of the complaint, as copied in the transcript, is scarcely intelligible, yet the second count is in Code form for suits on bills of lading. There is in this count the averment that the "said shipment was made under a contract in writing issued to the plaintiff by the defendant." This additional averment, however, adds no particular force to the count, as the general form given in the Code is applicable to cases where there is a special contract, as well as in cases where no such special contract exists.

The defendant filed to these counts four special pleas, and also the plea of the general issue. Demurrers to each of the special pleas were interposed by the plaintiff. The court, we assume, upon the theory that the defendant failed to aver its freedom from fault or negligence in the matter of the destruction of the lumber in question, sustained the demurrer directed to pleas 2 and 3. Pleas 1 and 4 contained such an averment, and the demurrer thereto was overruled.

The appellant's contention is that the appellee issued to him a bill of lading which, while containing certain clauses exempting it from liability in certain contingencies, did not in fact contain any clause exempting the defendant from liability on account of the particular

loss in this case; or that, if there was any such saving clause, the defendant nowhere in his pleas set up this particular clause by way of its defense to this suit, and on account of this supposed defect counsel for appellant insist in argument that the special pleas were defective and obnoxious to the particular demurrer interposed thereto. This ruling of the court is made the basis of appellant's first assignment of error.

1. In this jurisdiction, it is a general rule of law, firmly settled, long maintained, and well understood, that the undertaking of a common carrier to transport to a particular destination goods committed to it, uninfluenced by special contract, is one of insurance against every loss or damage, except such as may be occasioned by the act of God, or the public enemy, or by the fault of the owner or his agent. The shipper makes out a prima facie case against the carrier when he shows the goods were not delivered; and, in order for the carrier to relieve itself of the absolute liability for their loss as an insurer, it must bring itself within the exception relied upon as an excuse for its failure to deliver.—*A. G. S. R. R. Co. v. Quarles,* 145 Ala. 436, 40 South. 120, 5 L. R. A. (N. S.) 867, 117 Am. St. Rep. 54; *A. G. S. R. R. Co. v. Elliott & Son,* 150 Ala. 381, 43 South. 738, 9 L. R. A. (N. S.) 1264, 124 Am. St. Rep. 72; *Grey's Ex'r v. Mobile Trade Co.,* 55 Ala. 387, 28 Am. Rep. 729.

It is also well settled that the carrier may, within the limits allowed by public policy and considerations of right and justice, by special contract, limit and qualify its liability as an insurer of the goods.—*L. & N. R. R. Co. v. Oden,* 80 Ala. 38, 43. The appellee concedes the general rule to be as above announced. The appellant, while recognizing the right of the carrier to

thus limit its liability, invokes the general rule, first
stated, as conclusive of all the issues—law and fact—
in this case.

2.  The defendant, by its two special pleas, admitted
that it received the lumber for transportation to Cairo,
Ill., and admitted that the lumber was never delivered
at that point.  The defense set up was that "the lumber
was received for transportation upon the express agree-
ment that the carrier would temporarily surrender the
possession to the plaintiff or its agent at the Harder
planing mill, near Tuscaloosa, Ala., for the purpose of
having same dressed;" and it was averred that, in com-
pliance with said agreement, the defendant delivered
said lumber to the plaintiff or its agents at the said
Harder planing mill, and that while it was in the plain-
tiff's possession, or the possession and control of his
agents, the same was destroyed by fire, without any
fault on the part of the defendant.  While the defend-
ant, in the absence of some special contract limiting
and qualifying its common-law liability, is an insurer
of the goods to the point of destination, and until the
consignee has had a reasonable time in which to remove
the goods, yet this rule necessarily contemplates that,
after the goods are once committed to the carrier, its
possession and control continues over every mile of
the route, and during every hour of the time, until the
arrival of the goods at the point of destination.  We
know of no rule of law and no principle of public policy,
and our attention has been called to none, which would
hold the carrier an insurer while the goods, by some
agreement with the owner, are temporarily out of the
possession or control of the carrier, and while the same
are actually in the possession of the owner, or some
one as his agent.  Under the averments of the special

36 CA.

[Barron v. Mobile & Ohio Railroad Co.]

pleas, the lumber was neither actually nor construc-
tively in the possession of the defendant at the time
of the burning, but it was at that very moment of time
in the possession of the Harder planing mill, and the
possession of the latter was the possession of the plain-
tiff. It must follow, therefore, that, at the time of the
destruction of the lumber, the rule making the carrier
an insurer of the goods, in the absence of some special
contract, finds no real application to the facts in this
case. The pleas expressly aver that the loss was with-
out fault on the part of defendant; and, under our view
of the law, they were not subject to the demurrer inter-
posed, and the court properly overruled the same. *Grey's
Ex'r v. Mobile Trade Co., supra.*

3. Issue was joined on pleas 1, 4, and 5. The bill
of lading covering the shipment in question was iden-
tified, and offered in evidence by the plaintiff. In the
body of this contract were the words and letters, "1 Car
of Pine Lumber, C/O Harder for dressing." The plain-
tiff, testifying as a witness in his own behalf, was asked
by the defendant the question : "What does this notation
on bill of lading mean : 'C/O Harder for dressing, Tus-
caloosa, Alabama?' " The plaintiff objected to the ques-
tion on numerous grounds; among them, the objection
that the question sought to vary by parol the bill of
lading. There was no merit in the objections assigned.
The terms employed were technical and not of familiar
or general use, and the court properly required the wit-
ness to answer the question—*Mouton v. L. & N. R. R.
Co.,* 128 Ala. 537, 545, 29 South. 602.

We fail to find any error in the ruling of the court
upon the objection to the question propounded to the
plaintiff as a witness, touching the general custom in
shipping lumber when dressing in transit arrangements

were allowed. The terms of a written contract, when fully set forth, and the obligations assumed thereunder cannot, as a matter of course, be varied by proof of a custom; nor can a carrier, when otherwise liable under his undertaking, avoid liability by parol evidence of a custom which is in opposition to the established principles of law. But in all contracts "as to the subject-matter of which known usages prevail, parties are supposed to proceed with the tacit assumption of these usages; and parol evidence of custom and usage is always admissible to enable the court to arrive at the real meaning of the parties, who are naturally presumed to have contracted in conformity with this known and established usage."—*Boon & Co. v. Steamboat Belfast,* 40 Ala. 184, 186, 88 Am. Dec. 761. In the instant case, there was no attempt to vary the written contract by proof by parol of a custom established at Brent, Ala. We fail to see that appellant was injured in any way by his answer to the question objected to, and for this reason, also, this assignment of error is unavailing to reverse the case.

The several questions asked the witnesses by the defendant as to the possession of the lumber after the some was delivered to the Harder planing mill were unobjectionable. Possession is a collective fact, and not an opinion or conclusion; and it was therefore competent for the witness to state who was in possession of the lumber at the time it was burned.—*Wright v. State,* 136 Ala. 139, 145, 34 South. 233; *Higdon v. Kennemer,* 112 Ala. 351, 20 South. 470.

A number of special charges were refused to the plaintiff. We have carefully considered all of them. The plaintiff was not entitled to have the jury instructed in the language of any of the charges refused to it;

and hence the court properly declined to give the same:. Furthermore, upon a consideration of the whole evi-dence in this case, the court might have instructed the jury, upon request, with proper hypothesis, to find for the defendant.

The court was not in error in refusing to grant the plaintiff a new trial. There appearing no error in this record of which the appellant can complain, the judgment of the lower court must be affirmed.

Affirmed.