# Central of Ga. Ry. Co. v. Patterson.

*Damage for Failure to Deliver Goods.*

(Decided April 6, 1915.    Rehearing denied April 23, 1915.
68 South. 513.)

1. *Courts; Jurisdiction; Federal Statute.*—The state courts will recognize and enforce the federal statutes regulating interstate commerce.

2. *Carriers; Goods; Limiting Liability; Interstate Act.*—The federal interstate commerce act does not prevent a carrier from ex-

24 CA

empting itself from liability for the destruction of goods by fire not attributable to the carrier's negligence; the restriction on exemption is limited to the liability imposed by the statute, which is a liability for a loss caused by the carrier, or a connecting carrier.

APPEAL from Russell Circuit Court.

Heard before Hon. MIKE SOLLIE.

Action by E. M. Patterson against the Central of Georgia Railway Company for failure to deliver goods. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plea 4 is as follows: For further answer to the complaint defendant says that, under the terms of the bill of lading or contract under and by which the goods were shipped, it was agreed between the shipper and defendant as follows: "No carrier or party in possession of all or any of the property herein described shall be liable for any loss or damage thereto by causes beyond its control or by floods or by fire." And defendant avers that the property sued for was destroyed by fire, and that said fire was not attributable to the negligence of defendant, its servants, agents, or employees.

Plea 5: Same as 4 down to and including the quoted words in 4, with the additional averment that the property for the loss of which this suit is brought was safely transported by it to Ft. Mitchell, Ala., and there stored in defendant's warehouse or depot at said Ft. Mitchell, and that while so stored in said warehouse it was destroyed by fire, and that said fire was not attributable to the negligence of defendant or to the negligence of its servants, agents, or employees.

The demurrers raise the questions discussed in the opinion.

G. L. COMER, for appellant. Court erred in sustaining demurrer to defendant's plea No. 4.—*Steele v. Townsend*, 37 Ala. 246; *S. & A. Ry. Co. v. Henlein*, 52

Ala. 606; *A. C. L. R. R. Co. v. Dothan Mule Co.,* 161 Ala. 315; *C. of Ga. Ry. Co. v. Merrill,* 153 Ala. 277; *C. of Ga. Ry. Co. v. Burton,* 165 Ala. 425; *Barron v. M. & O. R. R. Co.,* 2 Ala. App. 555. On these same authorities the court erred in sustaining demurrer to plea 5, and in refusing to give the general affirmative charge for the defendant.

GLENN & DE GRAFFENRIED, for appellee. The shipment was an interstate shipment and governed by the terms and provision of the interstate commerce law.— *C. of Ga. Ry. Co. v. Patterson,* 6 Ala. App. 494; U. S. Comp. St. Supp. 1907, p. 906, Supp. 1909, p. 1163); 63 S. E. 865; 65 S. E. 308; 219 U. S. 186. The matter set up in defendant's pleas being prohibited by this act, the court did not err in refusing the affirmative charge.— *McCormick H. M. Co. v. Lowe,* 155 Ala. 313.

PELHAM, P. J.—This is the second appeal in this case.—*Central of Ga. Ry. Co. v. Patterson,* 6 Ala. App. 494, 60 South. 465. On the trial from which this appeal is prosecuted the appellant, as defendant in the court below, among other pleas interposed, filed a special plea (numbered 4 in the transcript) averring, in substance and effect, that the goods delivered to it were, while in its possession as said carrier, destroyed by fire, and that said fire and consequent destruction of plaintiff's goods was in no way attributable to the negligence of the defendant carrier, its servants, agents, or employees. The plea further alleged that the bill of lading, or contract of carriage, under the terms of which the goods were received and to be carried, contained a clause whereby it was agreed between the shipper and carrier that the former should not be held liable for any loss or damage to the goods in its possession due to causes beyond

its control or by floods or fire. The plaintiff interposed a demurrer to this special plea on the ground that the stipulations of the bill of lading set up and relied upon in the plea are in contravention of the United States Interstate Commerce Law, and void in that said provisions of the bill of lading provide or contract for an exemption from liability that is prohibited by and in violation of the law. The court sustained this demurrer and the appellant's first assignment of error is directed at that rulings.

The complaint, to which the plea was filed as an answer, shows that the goods for which suit was brought against the carrier for damages for failure to deliver were received by the defendant carrier at Columbus, in the state of Georgia, to be transported and delivered to the plaintiff at Ft. Mitchell, in the state of Alabama. It is not questioned that the contract of affreightment was one subject to the provisions and restrictions of the United States Interstate Commerce Law, and federal statutes regulating interstate commerce are recognized and enforced by the state courts.—*Central of Ga. Ry. Co. v. Sims,* 169 Ala. 295, 53 South. 826.

It is contended by appellee that the provision of the bill of lading referred to as set up in the defendant's special plea is prohibited and, in effect, rendered void by section 20 of the Interstate Commerce Law, whereby it is provided: "That any common carrier, railroad, or transportation company receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any   *   *   *   carrier, railroad, or transportation company to which such property may be delivered or over whose   *   *   *   lines such property may pass,

and no contract, receipt, rule, or regulation shall exempt such * * * carrier, railroad, or transportation company from the liability hereby imposed."—U. S. Comp. St. Supp. 1907, p. 906; Supp. 1909, p. 1163.

It is well established in this jurisdiction that the common carrier can limit its liability as an insurer by stipulating in the contract of carriage against loss due to destruction or damage of property in its custody as a carrier by fire not attributable to its negligence.—*Central of Ga. Ry. Co. v. Burton,* 165 Ala. 425, 51 South. 643; *Barron v. M. & O. R. R. Co.,* 2 Ala. App. 555, 56 South. 862; *L. & N. R. R. Co. v. Oden,* 80 Ala. 38. The same rule has been declared by the federal Supreme Court.—*York Co. v. Central Railroad,* 3 Wall. 107, 18 L. Ed. 170.

We cannot see that there is anything in the above-quoted provisions of the Interstate Commerce Law that would change or interfere with the operation of the last-stated, well-settled, declared rule of law in this state, or, to state the proposition substantively, as applicable here, be in the way of a carrier's contracting against loss by fire not due to its own negligence as a contravention of the terms of the federal statute. It will be noted that the section of the act (20) relied upon by appellee as prohibiting the carrier from contracting against or limiting its liability in this particular provides that the receiving carrier shall be liable for any loss, damage, or injury to such property "caused by it" or any connecting carrier, and that such carrier cannot by receipt, rule, or regulation exempt itself or connecting carrier from the liability "hereby imposed." Plainly the liability imposed, which the statute inhibits being limited or contracted against, has reference to the loss or damage caused by the receiving or any connecting carrier, and, it being the loss or damage thus occasion-

ed that the carrier is prohibited from contracting against, there is no reasonable construction that can be given to the language used that would so broaden its meaning as to include any and every loss or damage without regard to its having been caused by the wrong or negligence of the carrier, and make the carrier an insurer having no right to limit or contract against liability where the loss or damage is occasioned without negligence of any kind on its part, as is the appellee's insistence. We do not think there is anything in the wording, or the evident purpose and intent to be gathered from the context, of the federal statute under consideration, that would justify the construction or giving to it the effect of changing the established rule of law with respect to a carrier's right to limit or qualify by special contract its common-law liability as an insurer as against loss or damage of goods in its custody for carriage, occasioned by acts beyond its control, and not attributable in any way to its own misconduct or negligence or that of its servants.

There is nothing at variance with the construction we have placed on section 20 of the Interstate Commerce Act in the holding by the United States Supreme Court in the case of the *Atlantic Coast Line R. R. Co. v. Riverside Mills*, 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7, relied upon by the appellee. The plain object and purpose of the section in question is to require the receiving carrier to issue a bill of lading to destination for the property to be carried, and to make it liable as principal for damage or loss "caused by it," i. e., resulting from the negligence of the carrier or its servants, or that of any of the carriers, over whose lines the property passes, and to inhibit it from contracting against that liability. The holding in the *Atlantic Coast Line Case, supra,* in effect is that such a provi-

sion making the principal liable for the agencies it uses in transportation, and providing that this liability cannot be contracted against, is a valid statute not violative of constitutional guaranties. There is nothing in the holding of that case, as we read it, to support the appellee's contention that the act changes the rule of law that a carrier may contract against loss òr damage not due to negligence on the part of itself or servants, and it is not, therefore, an authority in point on the proposition presented here.

It follows that it is our conclusion that the court committed reversible error in sustaining demurrers to the special plea designated as No. 4. The same is true in respect to the ruling of the court in sustaining demurrers to special plea No. 5, setting up substantially the same matters as a defense to the action.

The conclusion reached makes consideration of other assignments of error unnecessary.

Reversed and remanded.