(84 South. 471)

### CENTRAL OF GEORGIA RY. CO. v. PATTERSON.    (5 Div. 298.)

(Court of Appeals of Alabama. Nov. 25, 1919. Rehearing Denied Jan. 13, 1920.)

1. CARRIERS ⬳163—RULE AS TO BURDEN OF PROOF FOR FAILURE TO DELIVER GOODS SHIPPED, STATED.

When, under a bill of lading exempting the carrier from damage by fire or flood, a shipper shows that the goods were delivered to the carrier and that they were not by it delivered to the consignee, a prima facie case is made against the carrier, and the onus is cast on it to go forward with the evidence and to show that the damage or loss occurred from fire or flood excepted in the bill of lading and in addition to make out a prima facie case of diligence and freedom from fault or negligence on its part.

2. CARRIERS ⬳77—CARRIER HAS NO CONTROL OVER DEGREE OF DILIGENCE REQUIRED BY LAW.

The degree of diligence required by law of a carrier is a matter over which it has no control and in which the public is interested.

3. CARRIERS ⬳166—SUFFICIENCY OF EVIDENCE IN ACTION FOR FAILURE TO DELIVER GOODS SHIPPED HELD FOR COURT.

In a shipper's action against a carrier for failure to deliver goods shipped, and which had been destroyed by fire, where there was no conflict as to the time, origin, and progress of the fire, the question of the sufficiency of the evidence, under special pleas that the carrier was not liable under limitation of bill of lading for damages from fire or flood not caused by its negligence, held a matter of law for the court.

4. CARRIERS ⬳163—EVIDENCE HELD TO MAKE PRIMA FACIE CASE FOR DEFENDANT IN ACTION FOR FAILURE TO DELIVER GOODS.

Where a shipper, under a bill of lading exempting a carrier from liability by fire or flood not caused by its negligence, brought action for failure to deliver the goods shipped, and the carrier specially pleaded that the goods were destroyed by fire in its warehouse, evidence held to make prima facie case of exemption from liability and to cast upon the plaintiff the burden of showing lack of due care and reasonable diligence on defendant's part.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Action by E. M. Patterson against the Central of Georgia Railway Company for damages for the destruction of goods by fire after they had been transported and placed in warehouse. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

G. L. Comer, of Eufaula, for appellant.

The appellant fully met the burden of proof that rested upon it, and was entitled to have a directed verdict. 165 Ala. 425, 51

South. 643; 12 Ala. App. 369, 68 South. 513; 80 Ala. 38; 97 Ala. 514, 11 South. 756; 145 Ala. 436, 40 South. 120, 5 L. R. A. (N. S.) 867, 8 Ann. Cas. 308; 119 Ala. 523, 24 South. 753; 146 Ala. 12, 41 South. 184.

Frank M. de Graffenried, of Seale, for appellee.

From the evidence it was a question for the jury whether the destruction of the goods by fire was attributable to the negligence of the defendant. 197 Ala. 365, 72 South. 542; 15 Ala. App. 241, 73 South. 135; 165 Ala. 482, 51 South. 607; 114 Ala. 415, 21 South. 496; 165 Ala. 427, 51 South. 643.

MERRITT, J. This suit is against a common carrier for failure to deliver freight, delivered for transportation. This is the third appeal in this case.

Upon the first trial the judgment was for the plaintiff. On that appeal the special agreement of the parties covering the payment and removal of freight by plaintiff from defendant's warehouse at the point of destination was declared violative of provisions of the Interstate Commerce Commission Act known as the "Elkins Act," 32 Stat. 847, c. 718 (U. S. Comp. St. §§ 8597–8599), and of the "Interstate Commerce Commission Act," 24 Stat. 379, c. 104 (U. S. Comp. Stat. § 8563 et seq.). Central of Georgia Railway Co. v. Patterson, 6 Ala. App. 494, 498, 60 South. 465. Defendant answered in addition to the general issue that under the terms of the bill of lading or contract, under and by which the goods were shipped, it was agreed between the shipper and defendant as follows:

"No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto, by causes beyond its control or by floods or by fire, and defendant avers that the property sued for was destroyed by fire and said fire was not attributable to the negligence of defendant, its servants, agents or employés." Plea No. 4.

And further that—

"Under the terms of the bill of lading or contract which was made and entered into between the shipper and the defendant, and under which the goods for the loss of which this suit is brought, were shipped, it was agreed between the shipper and defendant as follows, to wit, 'no carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto by cause beyond its control or loss by fire or flood,' and defendant avers that the property for the loss of which this suit is brought was safely transported by it to Ft. Mitchell, Ala., and that while so stored in said warehouse it was destroyed by fire, and that said fire was not attributable to the negligence of the defendant or to the negligence of its servants or employés." Plea No. 5.

Plaintiff's demurrer being sustained thereto on second appeal was held a full answer to the complaint, and that reversible error had been committed in such ruling. C. of Ga. Ry. v. Patterson, 12 Ala. App. 369, 68 South. 513. In short, that announcement of the general rule was that the federal or state statutes did not prevent a common carrier from remitting its liability as an insurer, by stipulating in the contract of affreightment against loss due to the destruction or damage of property in its custody by fire or flood, that was not attributable to its negligence. Such are the decisions of the Supreme Court. C. of Ga. Ry. Co. v. Burton, 165 Ala. 425, 51 South. 643; L. & N. R. R. Co. v. Oden, 80 Ala. 38; Barron v. M. & O. R. R. Co., 2 Ala. App. 555, 56 South. 862; York Mfg. Co. v. Central R. R., 3 Wall. 107, 18 L. Ed. 170.

[1] The effect of the rule obtaining in this jurisdiction is that, when the shipper shows by this evidence that the goods were delivered to the carrier and not by it delivered to the consignee, a prima facie case is made against the carrier, and the onus is cast on the carrier to "go forward with the evidence" and to show that the damage or loss occurred from fire or flood excepted in the bill of lading, and, in addition, make out a prima facie case of diligence and freedom from fault or negligence on its part in permitting, contributing, or causing said damage to or destruction of the freight in question, Grey's Ex'r v. Mobile Trade Co., 55 Ala. 387, 28 Am. Rep. 723; L. & N. R. R. Co. v. Touart, 97 Ala. 514, 11 South. 756; L. & N. R. R. Co. v. Cowherd, 120 Ala. 51, 23 South. 793; Mouton v. L. & N. R. R. Co., 128 Ala. 537, 29 South. 602; Ala. Great Sou. R. R. Co. v. Quarles et al., 145 Ala. 436, 40 South. 120, 5 L. R. A. (N. S.) 867, 117 Am. St. Rep. 54, 8 Ann. Cas. 308; L. & N. R. R. Co. v. Oden, supra; A. G. S. R. R. Co. v. Elliott & Son, 150 Ala. 381, 43 South. 738, 9 L. R. A. (N. S.) 1264, 124 Am. St. Rep. 72; Barron v. M. & O. R. R. Co., supra; that it used due care and reasonable diligence to prevent the loss and damage. L. & N. R. R. Co. v. Gidley, 119 Ala. 523, 527, 24 South. 753; L. & N. R. R. Co. v. Touart, supra; L. & N. R. R. Co. v. Oden, supra.

[2] The degree of diligence required by law of a common carrier is a matter over which it has no control and in which the public is interested. Southern Express Co. v. Owens, 146 Ala. 12, 41 South. 752, 8 L. R. A. (N. S.) 369, 119 Am. St. Rep. 41, 9 Ann. Cas. 1143; L. & N. R. R. Co. v. Oden, supra.

[3] This issue of fact was tried on the third appeal. Since there is no conflict in the evidence as to the time, origin, and progress of the fire, as related to and causing the damage or destruction of the freight

in defendant's depot at said station, the question of the sufficiency of the evidence under said special pleas became a matter of law for the court. The trial court was invoked to its decision by the request in writing on the part of defendant of the general affirmative charge. On this issue we need to inquire: Did the carrier make out a prima facie case that the loss or destruction of the freight prevented its delivery to consignee occur from fire within the exception of the bill of lading and was the carrier free from fault or negligence in permitting, contributing or causing the damage and destruction of the property in question? That is to say, did it as a common carrier use due care and reasonable diligence necessary to the preservation of the property to the end that it be delivered in "like condition" as received from the consignor—prevent its damage and destruction as related to the condition and location of said freight before and during the fire? On this issue of fact the evidence for defendant, under its plea was, first, the testimony of J. F. Stevens, who it appears was checked in as agent of defendant at Ft. Mitchell, Ala., on January 19, 1907, being Saturday before the fire on Monday morning. He testified that he took charge about 12 or 1 o'clock on Saturday. That the fire occurred about daylight, the depot or warehouse caught in the back and next to the railroad; that he slept in the depot in a little room and on a cot in front part of the depot; the first thing he knew about the fire, he waked up with smoke all around him; that the fire caught in the front corner of the back end of the warehouse; that there had been no fire about the depot on Sunday or Sunday night; that he had been there all day in charge of the depot and looking after it; that no freight train passed there just before the fire occurred, no freight train was due to pass there at that time; that the fire caught in the freight room; that the door to the freight room was not open at that time; that he did not try to put it out when he first saw it; he saw it was on fire and got scared and ran up the hill and hollered for help, and he came back and could not get in the depot.

Defendant's witness C. A. Howard testified that he lived at Ft. Mitchell, was there at the time of the fire, and saw the witness Stevens after the fire occurred; that he met Stevens about halfway up the hill coming to his house; that he went back with him to the fire; and that they moved some cotton from the platform; fire at that time had broke through the ceiling and climbed up the wall from the inside; the fire was coming out of top of building when he got there and fire was in the freight room; and that they did get away some of the cotton; fire was burning from the inside to the outside; that Stevens had the sole custody and control of the depot at the time of the fire.

[4] The tendency of the evidence by the defendant under the exception contained in the bill of lading to the destruction of said freight by fire made a prima facie case of exemption from liability for damage or destruction from such causes and cast upon the plaintiff the "duty of going forward with the evidence" (Starks v. Comer, 190 Ala. 245, 67 South. 440; 5 A. & E. Ency. of Law 40), tending to show a lack of due care and reasonable diligence on defendant's part in the protection of the property before the fire and the prevention of its loss therefrom.

There was no evidence offered by the plaintiff tending to show a lack of due care and reasonable diligence on the defendant's part in the protection of the property before the fire and the prevention of its loss therefrom. It therefore appears from a consideration of all the evidence on the issue of exemption from liability or damage and destruction by fire within the provisions of the bill of lading that the affirmative charge requested by the defendant, in writing, should have been given. It results that the judgment of the circuit court is reversed. We do not render judgment, believing the cause should be remanded for another trial of the facts.

Reversed and remanded.